OPINION OF THE COURT
D. Bruce Crew, III, J.
This is a proceeding brought on by notice of petition wherein petitioner seeks judgment staying arbitration between itself and respondents. On the return date an order was granted temporarily staying the arbitration between the parties and directing a trial of the issue of whether there was a valid agreement providing insurance coverage. Before trial the respondents moved for judgment declaring certain relatives of the policyholder to be insured under the policy’s uninsured motorist indorsement. Additionally, both parties sought a declaration as to the applicable limits of benefits available under the uninsured motorist indorsement for the accident occurring outside of New York State resulting in the death of Sue Lynn Allwood. Special Term, in dismissing the aforesaid motion, observed that declaratory relief might be sought in a case as this but that the parties had failed to request such relief in their pleadings. Moreover, the court noted that the pleadings did not state the facts constituting the basis of the dispute and declined to render judgment for that reason, suggesting that the parties develop an appropriate record during the trial *758 previously ordered. At a Trial Term the attorneys for the respective parties discussed this matter in chambers and concurred that a declaration concerning the amount of uninsured motorist coverage afforded by the insurance policy would be dispositive of all issues in the case. As agreed at that pretrial conference the attorneys for the respective parties submitted a signed stipulation requesting that this court decide the aforesaid issue based upon all of the previously submitted pleadings, motion papers, supporting affidavits and memorandum of law. In the circumstances, the court treats the stipulation as a consent by the parties that they be granted leave to amend their pleadings to request, in addition to the matters mentioned therein, a declaration by petitioner that the extent of uninsured motorist coverage is in the amount of $10,000 and by respondents that the coverage is in the amount of $50,000. The pleadings are accordingly amended and the court will undertake to determine that issue upon all of the materials submitted.
There is no question that the insurer is not liable under the New York Automobile Accident Indemnification Indorsement, which provides $50,000 coverage for wrongful death, since the accident occurred without the State (Matter of Sentry Ins. Co. v Amsel, 36 NY2d 291). The issued policy has another relevant indorsement: “Part IV — Protection Against Uninsured Motorists”, which is voluntary supplementary uninsured motorist insurance for bodily injury pursuant to the second paragraph of subdivision 2-a of section 167 of the Insurance Law. This indorsement is applicable since its coverage is not limited to accidents occurring within New York State.[1] The limit of liability under this indorsement is, as stated in the declarations, read together with the policy provisions of part IV, to wit: $10,000 for each person on account of “bodily injury, sickness or disease, including death resulting therefrom”.
While the Legislature made clear the maximum amount of coverage that may be provided by such supplementary uninsured motorists coverage, it did not provide for any minimum amount. Respondents’ position is that this sup *759 plemental protection cannot be in an amount less than that mandated by the first paragraph of subdivision 2-a of section 167, i.e., $50,000 coverage on account of death of one person. It is difficult to reconcile a mandatory minimum amount, as urged by respondents, with the fact that motorists may opt to have no supplemental insurance at all. In a case which also involved voluntary insurance coverage, the Court of Appeals held that it would be improper to enlarge the terms of a policy by legal construction in the absence of a direct legislative mandate (Brustein v New Amsterdam Cas. Co., 255 NY 137,143). Even if the first paragraph of subdivision 2-a of section 167 evidences a legislative determination that uninsured motorist protection, to be adequate, should provide at least $50,000 protection on account of death, the Legislature has not thereby required that an optional supplementary insurance policy be construed to provide that amount of coverage where the contract between the insurer and insured provides otherwise.[2]
The court thus finds no legislative requirement that the insurance contract be enforced in an amount different from that which the policy provides. The limit of liability is $10,000 for each person on account of bodily injury including death resulting therefrom. Thus, declaratory judgment is granted in favor of the petitioner and a decree should be submitted accordingly.

. The statute states: “Supplementary uninsured motorists insurance shall provide coverage, in any state or Canadian province”. (Insurance Law, § 167, subd 2-a.)

. With regard to the mandatory uninsured coverage the statute provides: “[A]ny such policy which does not contain the aforesaid provisions shall be construed as if such provisions were embodied therein.” (Insurance Law, § 167, subd 2-a.) No such rule was established for the optional supplementary coverage.