NANCY BARONE, Appellant, v PATRICIA FRIE, Defendant and Third-Party Plaintiff-Respondent; ROBERT GLAZER, Defendant and Third-Party Defendant-Respondent; JOSEPH MANGIARACINA, Third-Party Defendant-Respondent.

Second Department, February 21, 1984

APPEARANCES OF COUNSEL

*Sarisohn, Sarisohn, Carner, Steindler & LeBow (Walter G. Steindler* of counsel), for appellant.

*Gerard D. DeSantis* for defendant and third-party plaintiff-respondent.

*Mulholland, Minion & Roe (John F. Mulholland* of counsel), for third-party defendant-respondent.

OPINION OF THE COURT

*Per Curiam.*

On this appeal we are called upon to determine whether Special Term's denial of plaintiff's application for preliminary injunctive relief was an abuse of discretion. There should be an affirmance.

The facts of this case may be briefly stated. On November 19, 1981, plaintiff buyer entered into a contract of sale for the purchase of a one-family home located at 118 Grandview Lane, Smithtown, New York (Grandview). Under the terms of the contract, plaintiff gave the three sellers, one of whom was defendant Patricia Frie (Frie), a deposit equaling 10% of the purchase price. Frie's understanding was that, to pay the balance of the purchase price, plaintiff would sell her home located at 5 Opal Court, Smithtown, New York (Opal Court). However, Opal Court was not sold and plaintiff did not have sufficient funds to complete the transaction.

Notwithstanding plaintiff's failure to sell Opal Court, the parties, with the advice of counsel, agreed to complete the transaction. As part of the agreement, plaintiff executed a mortgage bond at the closing, in which bond she acknowledged an indebtedness to Frie in the amount of $42,770. In return, Frie agreed to advance part of the consideration for Grandview's transfer, viz., $40,000. Interest on the advance was charged at the rate of 22% per annum. Also executed by plaintiff as part of the agreement was a mortgage on Opal Court. The parties agreed to encumber Opal Court rather than Grandview so that plaintiff could obtain another mortgage from the Greenpoint Savings Bank on the Grandview property.

Simultaneous with the execution of the bond and mortgage, plaintiff executed a deed in lieu of foreclosure on Opal Court; Frie was named as grantee. In accordance with an agreement signed at the closing, the deed was placed in escrow with plaintiff's attorney, Robert Glazer, acting as escrowee. The agreement provided that if the mortgage could not be paid on October 23, 1982, Glazer was to deliver the deed to Frie in lieu of foreclosure of the mortgage. Plaintiff allegedly failed to make the monthly payments due on the bond, and Frie considered her to be in default.

By order to show cause dated September 14, 1982, plaintiff commenced the instant action and moved for a preliminary injunction to enjoin the transfer of the deed to Frie and to enjoin Frie from negotiating or instituting any foreclosure proceedings in connection with the afore-mentioned mortgage and bond. Plaintiff, in essence, claimed

that the instruments should be canceled because the underlying transaction was usurious, citing sections 5-501 and 5-511 of the General Obligations Law and subdivision 1 of section 14-a of the Banking Law. Special Term rejected this claim and denied the application, holding that plaintiff failed to satisfy her burden of establishing the prerequisites for preliminary injunctive relief.

We agree with Special Term that the mortgage in this case was a purchase-money mortgage. The law in New York is that purchase-money mortgages do not ordinarily constitute a "loan of forbearance" (General Obligations Law, § 5-501, subd 1) within the meaning of the usury statutes (see *Mandelino v Fribourg,* 23 NY2d 145). Such mortgages may provide for a rate of interest in excess of the legal rate where the interest is part of the consideration for the sale of real property (see *Mandelino v Fribourg, supra; McAnsh v Blauner,* 222 App Div 381, 382, affd 248 NY 537; *Butts v Samuel,* 5 AD2d 1008; *Bennis v Thomas,* 14 AD2d 895). This is not a case in which an instrument appearing to be a purchase-money mortgage has been used to mask an otherwise usurious transaction (see *Mandelino v Fribourg, supra,* p 151).

Moreover, the fact that the mortgage was given to one of the three sellers does not, in our view, alter its status as a purchase-money mortgage. A mortgage given to secure money, borrowed for the purpose of purchasing real property, is generally held to be a purchase-money mortgage, notwithstanding that the mortgage was given to a person other than the seller (*Syracuse Sav. & Loan Assn. v Hass,* 134 Misc 82, 84; see 38 NY Jur, Mortgages and Deeds of Trust, § 7, pp 25-26).

Similarly, the fact that the mortgage in this case was given on real property other than that which was sold is of no legal significance. A purchase-money mortgage has been defined as "a mortgage executed at the time of the purchase of the land and contemporaneously with the acquisition of the legal title, or afterward, but as a part of the same transaction, to secure an unpaid balance of the purchase price" (38 NY Jur, Mortgages and Deeds of Trust, § 7, p 25; see *Syracuse Sav. & Loan Assn. v Hass, supra,* p 85). Here, the mortgage and bond were executed at the

closing as part of the Grandview transaction; it was intended to, and did, secure an unpaid balance of the purchase price. The fact that the security for the transaction was property other than that which was purchased does not alter the transaction's essential character, absent evidence that the mortgage was designed to mask an otherwise usurious transaction.

We conclude that Special Term did not abuse its discretion in denying plaintiff's motion for a preliminary injunction. The law is well settled that to prevail on such motions, the movant has the burden of demonstrating "(1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) that a balancing of equities favors [the movant's] position" (*Gambar Enterprises v Kelly Servs.*, 69 AD2d 297, 306, citing cases). Since we have concluded that the mortgage in the case at bar is a purchase-money mortgage, not subject to the usury laws, plaintiff has failed to establish the likelihood of ultimate success on the merits. Moreover, a balancing of equities favors Frie since it appears that Frie took a mortgage solely to accommodate the buyer and to enable her to avoid the loss of her deposit.

Accordingly, the order appealed from is affirmed, with costs.

MOLLEN, P. J., MANGANO, THOMPSON and NIEHOFF, JJ., concur.

Order of the Supreme Court, Suffolk County, dated October 12, 1982, affirmed, with one bill of costs.