■ DIANETICS MEDICAL LABORATORIES, INC., a Wholly Owned

Subsidiary of INTERNATIONAL CLINICAL LABORATORIES, Appellant, v MILTON TRAUNFELD, et al., Respondents.—In an action for a permanent injunction and damages based, *inter alia,* on the alleged breach of a covenant not to compete, the plaintiff appeals from an order of the Supreme Court, Nassau County (Harwood, J.), dated March 13, 1985, which denied its motion for a preliminary injunction.

Order affirmed, with costs.

The defendant Milton Traunfeld was employed as a salesman for Dianetics Medical Laboratories, Inc. (hereinafter Dianetics) from 1972 until January 25, 1985, when he resigned to take a position with Community Clinical Laboratories, Inc. (hereinafter CCL). Both corporations are in the business of providing medical laboratory services to physicians in the New York metropolitan area. In 1981, Dianetics and Traunfeld entered into an agreement whereby Dianetics agreed to pay Traunfeld the sum of $250,000 over a period of time in equal monthly installments for his services. Paragraph "3." of the agreement provides: "During the period of payment by the Corporation of the above-mentioned Sums to Traunfeld, Traunfeld shall not, directly or indirectly, enter into, or in any manner take part in any business, profession or other endeavor either as an employee, agent, independent contractor, owner, or otherwise in the metropolitan New York area, which in the opinion of the directors of the Corporation shall be in competition with the medical laboratory testing service business of the Corporation." Pursuant to the terms of paragraph "4" of the agreement, if Traunfeld "enters any business described in Paragraph '3' * * * no further payments of the sum shall be due or payable * * * hereunder".

It is well settled that covenants not to compete are to be strictly construed because of the " 'powerful considerations of public policy which militate against sanctioning the loss of a man's livelihood' " *(Gramercy Park Animal Center v Novick,* 41 NY2d 874, quoting from *Purchasing Assoc. v Weitz,* 13 NY2d 267, 272; *see also, Reed, Roberts Assoc. v Strauman,* 40 NY2d 303). By the terms of the agreement, the covenant not to compete was only operable during the term of payment and Traunfeld was not prohibited from forfeiting his right to any unpaid balance due under the agreement by opting to enter into a competing business. Consequently, Special Term did not err in denying Dianetics' motion for a preliminary injunction since it failed to establish a likelihood of success on the merits *(see, Barone v Frie,* 99 AD2d 129). Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.