■ MURRAY SKIDELSKY, Doing Business as ESCO TRADING COMPANY, Respondent, v JAMES MERENDINO et al., Defendants, and PATRICIA MERENDINO, Appellant.—In an action to foreclose a mortgage, the defendant Patricia Merendino appeals from an order of the Supreme Court, Queens County (Joy, J.), dated March 25, 1986, which denied her motion to vacate and set aside a default judgment of foreclosure and sale dated July 17, 1984.

Ordered that the order is affirmed, with costs.

Even if the appellant could show excusable default in failing to appear in the action, she has not been able to show a meritorious defense to the action. Therefore, vacatur of the judgment pursuant to CPLR 5015 (a) (1) is not warranted (see, e.g., Gray v B.R. Trucking Co., 59 NY2d 649, rearg dismissed 59 NY2d 966, 60 NY2d 586).

On December 19, 1978, the appellant and her husband James Merendino gave a mortgage on their one-family residence to the plaintiff to collaterally secure the $90,000 balance of the price owed by Mr. Merendino for the purchase of a pizzeria business from the plaintiff. Although at that time the maximum rate of interest on a loan to an individual was 9.5% per annum (General Obligations Law § 5-501 [1]; 3 NYCRR 4.1), the note and mortgage were to bear interest at the rate of 10% per annum.

The law in New York is that a purchase-money mortgage does not constitute a "loan or forbearance" within the meaning of General Obligations Law § 5-501 (1). The mortgage in this case was a purchase-money mortgage even though it was

given as collateral security for the purchase of other property, namely, the pizzeria business *(see, Barone v Frie,* 99 AD2d 129, 131-132). Since the mortgage in question was a purchase-money mortgage, the interest rate on the loan was not usurious *(see, e.g., Mandelino v Fribourg,* 23 NY2d 145; *Barone v Frie, supra; see also,* 38 NY Jur, Mortgages and Deeds of Trust, § 7, at 25-26).

We have reviewed the appellant's other claims and find them to be without merit. Bracken, J. P., Weinstein, Rubin and Harwood, JJ., concur.