NATIONAL SAVINGS BANK OF ALBANY, Respondent, v WILLIAM
HARTMANN et al., Appellants.

Third Department, April 9, 1992

### APPEARANCES OF COUNSEL

*Desmond & Holsberger (Carl Holsberger* of counsel), for appellants.

*Hinman, Straub, Pigors & Manning, P. C. (Patrick J. Higgins* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J.

Defendants William Hartmann, Marjorie A. Hartmann and Marjorie J. Johnson (hereinafter collectively referred to as defendants) owed plaintiff approximately $865,000 under the terms of a consolidated note and mortgage securing real property consisting of a multiunit residential apartment complex located in the City of Glens Falls, Warren County. Upon defendants' default in payment of the monthly installment of principal and interest due January 1, 1991, on February 1, 1991 plaintiff accelerated the loan and thereafter commenced this action to foreclose the mortgage. Following joinder of issue, plaintiff moved for summary judgment. Supreme Court granted the motion and defendants appeal.

There should be an affirmance. Plaintiff clearly supported its motion with a prima facie showing of entitlement to judgment as a matter of law, thereby shifting the burden to defendants (see, *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). In opposition, defendants came forward with only their verified answer and an attorney's affidavit, neither of which sufficed to raise a legitimate factual issue (see, *Zuckerman v City of New York,* 49 NY2d 557, 562-563). Although there is no question that plaintiff was entitled to and did accelerate the loan on February 1, 1991, it is defendants' position that they made a valid tender of the overdue payment on the same day, prior to their receipt of notice of plaintiff's election to accelerate the obligation. The only factual support for this position, however, is found in the allegations of paragraphs 13 through 15 of the verified answer "[t]hat on the 1st day of February, 1991, William Hartmann approached the National Savings Bank, Saratoga Branch, with certified funds, ready willing and able to pay the January and February 1991 payments * * * [t]hat said funds were tendered to plaintiff * * * [and t]hat on said date, plaintiff failed and refused to accept said valid tender". In our view, even treating these allegations as an affidavit (see, CPLR 105 [t]; *Bethlehem Steel Corp. v Solow,* 51 NY2d 870, 872), they are wholly inadequate.

"As a general rule, a tender must include everything to which the creditor is entitled, including interest to the time the tender is made, or else it is not legally effective" (83 NY Jur 2d, Payment and Tender, § 151, at 38), and "[t]he burden of showing tender and refusal * * * is on the party pleading

the tender" (83 NY Jur 2d, Payment and Tender, § 143, at 30). Here, defendants' answer makes no reference to the actual amount of the tender which, in order to be valid, must have included interest and any late fees (see, 83 NY Jur 2d, Payment and Tender, § 151, at 38). In the absence of an affidavit detailing the amount and form of the "certified funds" which were purportedly tendered, no legitimate factual issue has been raised.

LEVINE, J. P., MAHONEY and CASEY, JJ., concur.

Ordered that the judgment is affirmed, with costs.