■ GREGORY DALLAS, Respondent, v BARBARA DALLAS, Appellant, et al., Defendants.—Mercure, J. Appeals (1) from an order of the Supreme Court (Ellison, J.), entered May 6, 1991 in Schuyler County, which, inter alia, granted plaintiff's motion for summary judgment, and (2) from the amended judgment entered thereon.

In a mortgage foreclosure action, defendant Barbara Dallas (hereinafter defendant) appeals from Supreme Court's order granting plaintiff summary judgment and from the amended judgment of foreclosure and sale entered thereon, claiming that the mortgage is subject to and violates the usury statutes and that there is a triable issue of fact as to whether plaintiff forgave or excused any payment which was due on the note. We disagree and accordingly affirm.

The facts of this case are undisputed and may be briefly stated. In June 1988, defendant mortgaged property in the Town of Hector, Schuyler County, to plaintiff as security for a $45,200 loan. The entire loan proceeds were applied to the cost of purchase of the mortgaged property. The mortgage note required monthly payments of $413.46, including interest at the rate of 10.5%, and further provided that upon the sale of the property, defendant was to pay plaintiff a sum equal to 25% of the increase in value of the property from the time of its purchase. Defendant made no payments of principal or interest after December 1989 and plaintiff commenced this action in September 1990.

Initially, the defense of usury was properly dismissed because a purchase-money mortgage does not constitute a "loan or forebearance" within the meaning of the usury statutes (General Obligations Law § 5-501 [1]; Banking Law § 14-a; see,

*Barone v Frie,* 99 AD2d 129, 131). We reject defendant's contention that the exemption applies only in the case of a "true" purchase-money mortgage, where the seller holds the mortgage to further the sale of real property, and not in the case of a "third party" mortgage. To the contrary, "[a] mortgage given to secure money, borrowed for the purpose of purchasing real property, is generally held to be a purchase-money mortgage, notwithstanding that the mortgage was given to a person other than the seller" *(Barone v Frie, supra,* at 131; *see,* 77 NY Jur 2d, Mortgages and Deeds of Trust, § 10, at 383-384; *see also, Szerdahelyi v Harris,* 67 NY2d 42, 46). That being the case, we need not consider whether the interest charged by plaintiff exceeded the legal rate.

Also unavailing is the contention that defendant has raised a legitimate factual issue on the defense of tender. In her affidavit in opposition to plaintiff's motion for summary judgment, defendant alleges that "[s]ometime during [the last week of June or the first week of July 1990, she] indicated [to plaintiff] that [she] was going to be receiving approximately $5,000.00 [as the proceeds of settlement of a personal injury action] * * * [and] was willing to make all the payments necessary to bring the loan to a current status." Defendant also alleges that plaintiff replied "that he felt that [defendant] should make sure the taxes and other creditors were paid first". A mere expression of willingness to bring an obligation current upon the happening of a future event does not raise a factual issue as to tender *(see, National Sav. Bank v Hartmann,* 179 AD2d 76, 77-78). Similarly, the allegation that plaintiff encouraged defendant to first apply her funds to payment of other debts is lacking in the specificity required to support a finding of waiver or estoppel *(see, New York State Urban Dev. Corp. v Garvey Brownstone Houses,* 98 AD2d 767, 771; *Hudson City Sav. Inst. v Burton,* 88 AD2d 728; *cf., Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175). Moreover, as correctly pointed out by plaintiff, a waiver of payments due as of early July 1990 would not have excused defendant's failure to make subsequent payments *(see, Security Pac. Mtge. & Real Estate Servs. v Canadian Land Co.,* 690 F Supp 1214, 1218-1219, *affd* 891 F2d 447).

We have considered defendant's remaining contentions and find them to be without merit.

Mikoll, J. P., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order and amended judgment are affirmed, with costs.