■ ARLEEN PRICE, Appellant, v SALVADOR PALAGONIA, Respondent, et al., Defendants. [623 NYS2d 269] —In a matrimonial action in which the parties were divorced by a judgment entered December 22, 1987, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated July 29, 1992, as, in effect,

upon granting reargument, adhered to its original determination made in an order dated April 7, 1992, denying her prior motion for attorney's fees and to attach the defendant former husband's pension funds.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff contends that the Supreme Court erred in denying her motion denominated as one to renew and reargue her prior motion for attorney's fees and to attach her former husband's pension funds, which was determined by order dated April 7, 1992. We find that, with respect to those claims, the plaintiff's motion was not based upon new facts which were unavailable at the time of the original motion, and the plaintiff offered no excuse for her failure to present this evidence at that time. Accordingly, her motion was actually a motion to reargue, rather than a motion to renew, and the denial of a motion to reargue is not appealable *(see, Marine Midland Bank v Freedom Rd. Realty Assocs.,* 203 AD2d 538; *Bartolo v South Nassau Communities Hosp.,* 198 AD2d 204). Nevertheless, it is apparent from the court's decision that, although it stated that the motion with respect to these claims was denied, it in fact addressed the merits and adhered to its prior determination. Consequently, the order is appealable *(see, Matter of Aetna Cas. & Sur. Co. v Pellegrino,* 203 AD2d 457; CPLR 5517 [a] [1]).

We now affirm. The plaintiff's request for attorney's fees was properly denied as it was not supported by an affidavit of services from her attorney, which is an essential requirement for such relief *(see, Sherman v Sherman,* 168 AD2d 550). In addition, the court properly denied the plaintiff's request to attach her former husband's pension funds in order to satisfy his support arrears as there was no evidence that the former husband had reached retirement age or had applied for benefits under the plan *(see, Sochor v International Bus. Machs. Corp.,* 60 NY2d 254; *Pepitone v Pepitone,* 108 Misc 2d 12). Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.