■ FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER, Appellant, v RUBY LAND DEVELOPMENT, LTD., Respondent, et al., Defendants, et al., Intervenors-Respondents. [627 NYS2d 80] —In an action to foreclose two mortgages, the plaintiff appeals from (1) so much of an order of the Supreme Court, Suffolk County (Luciano, J.), dated May 4, 1993, as

denied the branch of its motion which was for summary judgment against the defendant Ruby Land Development, Ltd., and (2) so much of an order of the same court (Underwood, J.), dated October 1, 1993, as (a) upon, in effect, granting reargument, adhered to its original determination denying the branch of the plaintiff's motion which was for summary judgment against the defendant Ruby Land Development, Ltd., and (b) denied the plaintiff's motion for summary judgment on its complaint against the intervenors and for severance of the intervenors' counterclaims.

Ordered that the appeal from the order dated May 4, 1993, is dismissed, as that order was superseded by the order dated October 1, 1993, made upon reargument; and it is further,

Ordered that the order dated October 1, 1993, is reversed insofar as appealed from, on the law, the plaintiff is granted summary judgment against the defendant Ruby Land Development, Ltd., and the intervenors; so much of the order dated May 4, 1993, as denied the branch of the plaintiff's motion which was for summary judgment against the defendant Ruby Land Development, Ltd., is vacated; and the intervenors' counterclaims are severed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In making a motion denominated as one to renew, the plaintiff offered additional evidence which had been readily available when it previously moved for summary judgment against the defendant Ruby Land Development, Ltd. (hereinafter Ruby Land). Consequently, the plaintiff's subsequent motion was actually a motion to reargue (see, Price v Palagonia, 212 AD2d 765; Matter of Aetna Cas. & Sur. Co. v Pellegrino, 203 AD2d 457). Since the Supreme Court addressed the merits of the motion, the order is appealable (see, Price v Palagonia, supra; Matter of Aetna Cas. & Sur. Co. v Pellegrino, supra).

Upon reargument, the plaintiff clearly established that Ruby Land was in default under the terms of the building loan contracts and mortgages due to the existence of at least one outstanding mechanic's lien. There is no evidence that the default was waived, nor is there merit to the other defenses to foreclosure asserted by Ruby Land.

The plaintiff was also entitled to summary judgment on its complaint against the intervenors. To the extent that the intervenors asserted affirmative defenses to the foreclosure, those defenses are without merit. Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.