■ In the Matter of CHARLES SAGONA et al., Respondents, v STATE FARM INSURANCE COMPANY, Appellant. [630 NYS2d 352] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, State Farm Insurance Company appeals (1) from an order of the Supreme Court, Kings County (Hurowitz, J.), dated February 9, 1993, which confirmed separate awards of $100,000 to each petitioner and, (2) as limited by its brief, from so much of an order of the same court, dated July 5, 1994, as, upon, in effect, granting reargument, adhered to its original determination.

Ordered that the appeal from the order dated February 9, 1993 is dismissed, as that order was superseded by the order dated July 5, 1994, made upon reargument; and it is further,

Ordered that the order dated July 5, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the petitioners are awarded one bill of costs.

The petitioner Charles Sagona was injured in an automobile accident, and his wife was killed. He sought to recover benefits on behalf of himself and his wife's estate from their insurer, the respondent State Farm Insurance Company (hereinafter State Farm). In December 1992 following an arbitration hearing, the petitioners were awarded $100,000 each. A year after the awards were issued, State Farm informed the petitioners' attorney by letter dated December 21, 1993, that the awards exceeded the limits of the policy. The petitioners then commenced this proceeding to confirm the arbitration awards.

In opposition to the petition, State Farm submitted an affirmation from its attorney in which it was alleged that the award to Charles Sagona exceeded the $10,000 per person/$20,000 per accident policy limit for uninsured motorist benefits and that the award to his wife's estate exceeded the $50,000 statutory limit (*see,* Insurance Law § 3420 [f] [1]). State Farm did not produce a copy of the policy or an affidavit from an employee but merely produced a copy of the December 21, 1993, letter to the petitioners' attorney. The Supreme Court confirmed the awards. Although the court acknowledged that an arbitrator

may not grant an award in excess of the applicable policy limits, it concluded that State Farm failed to submit sufficient proof of the policy limits.

State Farm moved for reargument and renewal and annexed a purported copy of the petitioners' insurance policy. In response, the petitioners submitted an affidavit from an attorney who averred that State Farm made no objection during the arbitration hearing when the petitioner Charles Sagona stated that the policy limits for this claim were $100,000 per person and $300,000 per accident. The Supreme Court denied the motion on the ground, *inter alia,* that State Farm should have presented proof of the policy limits at the arbitration hearing.

In making a motion denominated as one to reargue and renew, State Farm offered additional evidence which was readily available when it responded to the petition, and State Farm offered no valid excuse for its failure to present this evidence at that time. Consequently, State Farm's motion was actually a motion to reargue, and the denial of a motion to reargue is not appealable *(see, Price v Palagonia,* 212 AD2d 765; *Marine Midland Bank v Freedom Rd. Realty Assocs.,* 203 AD2d 538). Nevertheless, although the Supreme Court stated that it was denying the motion, it is apparent from the court's decision that it addressed the merits of State Farm's claim and adhered to its prior determination. Consequently, the order is appealable *(see, Price v Palagonia, supra; Matter of Aetna Cas. & Sur. Co. v Pellegrino,* 203 AD2d 457; CPLR 5517 [a] [1]).

An arbitration award may be vacated on the ground that the arbitrator exceeded his or her authority by making an award in excess of the limits fixed by the insurance policy *(see, e.g., Matter of Mele v General Acc. Ins. Co.,* 198 AD2d 731; *see also, Matter of Granite Worsted Mills [Aaronson Cowen],* 25 NY2d 451; CPLR 7511 [b] [1] [iii]). Here, however, State Farm failed to present sufficient proof that the awards exceeded the policy limits. State Farm did not submit an affidavit from a person with personal knowledge to controvert the petitioners' claim that the arbitrator was informed at the hearing, without any objection by State Farm, that the policy limits in connection with this accident were $100,000 per person and $300,000 per accident. Moreover, the copy of the policy in the record does not include the declarations page. Accordingly, we cannot conclude that the Supreme Court erred in confirming the arbitration awards. O'Brien, J. P., Ritter, Copertino and Krausman, JJ., concur.