In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v JEFFREY SILVER, as Administrator of the Estate of MEREDITH SILVER, Deceased, Appellant. [639 NYS2d 485]

We agree with the Supreme Court that Insurance Law § 3420 (former [f] [2]), which authorized the issuance of supplementary uninsured motorist coverage, did not prohibit the issuance of such coverage subject to a monetary limit of $10,000 in the case of injuries per person (including death), and $20,000 per occurrence. Insurance Law § 3420 (former [f] [1]), which required uninsured motorist coverage of at least $50,000 in cases of death, did not fix a similar minimum amount with respect to the supplementary uninsured coverage governed by Insurance Law § 3420 (former [f] [2]). "Even if [Insurance Law § 3420 (former [f] [1])] evidences a legislative determination that uninsured motorist protection, to be adequate, should provide at least $50,000 protection on account of death, the Legislature has not thereby required than an optional supplementary insurance policy be construed to provide that amount of coverage" (Home Indem. Co. v Allwood, 122 Misc 2d 757, 759). The arbitrator, in awarding an amount in excess of the amount available under the policy, exceeded his power so as to render his award subject to vacatur (see, CPLR 7511 [b] [1] [iii]; Matter of Valente v Prudential Prop. & Cas. Ins. Co., 77 NY2d 894; Matter of Mele v General Acc. Ins. Co., 198 AD2d 731; see also, Matter of Sagona v State Farm Ins. Co., 218 AD2d 660). Bracken, J. P., Sullivan, Santucci and Krausman, JJ., concur.