■ ERHAL HOLDING CORP., Appellant, v RICHARD RUSIN et al., Defendants, and GIAMPIERO RISPO et al., Respondents. [645 NYS2d 93] —In an action to foreclose a mortgage, the plaintiff, ERHAL Holding Corp., appeals from (1) so much of an order of the Supreme Court, Westchester County (Fredman, J.), dated August 9, 1995, as stayed the foreclosure sale of the subject property and granted the motion of the defendants Giampiero

Rispo and Joseph Rusin for leave for Joseph and Danica Rusin, or for Giampiero Rispo, to tender the sum due to the plaintiff to redeem the Rusins' interest in the property, and (2) so much of an order of the same court, dated November 13, 1995, as, in effect, limited the amount of interest payable on the judgment of foreclosure to the statutory rate of 9% per annum.

Ordered that the order dated August 9, 1995, is modified by deleting therefrom the provision which permitted Giampiero Rispo to tender the sum due to the plaintiff to redeem the Rusins' interest in the property; as so modified, the order dated August 9, 1995, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated November 13, 1995, is affirmed insofar as appealed from, without costs or disbursements.

Joseph and Danica Rusin (hereinafter the Rusins) conveyed their house to two of their sons, John and Richard, by a deed to their sons' partnership, but they continued to live in the house. John and Richard took out a loan and gave a mortgage to Second Commercial Fund of New York, Inc. (hereinafter SCF) using the house as security. Thereafter, title in the property was conveyed from the partnership to Richard. Upon a default on the mortgage by John and Richard, SCF obtained a judgment of foreclosure against John and Richard which was later assigned to the plaintiff ERHAL Holding Corp. (hereinafter ERHAL). In fear of losing their residence, the Rusins began making monthly interest-only payments to ERHAL, allegedly without knowledge of the foreclosure action or the entry of the judgment of foreclosure. They did so for approximately eight years. However, after further defaults, ERHAL made an application, *inter alia,* for re-notice of the foreclosure sale. The Rusins then moved by order to show cause, *inter alia,* to stay the sale of foreclosure, and to permit them to tender the amount due to redeem their interest in the property. Subsequently, title to the property was conveyed from Richard to the Rusins' son-in-law, Giampiero Rispo, with the understanding that the deed was to be held in escrow until Rispo could obtain a mortgage commitment to redeem the property. The Supreme Court granted, *inter alia,* a stay of the foreclosure sale and determined the amount which the plaintiff was entitled to recover. On appeal, the plaintiff challenges the court's application of the statutory interest rate of 9% to the judgment amount and also contends that the movants did not have a sufficient interest in the property to gain standing to compel redemption.

We find that the court properly used the statutory interest

rate of 9% when it computed the amount of interest which the plaintiff was entitled to add onto the judgment amount. In the absence of a signed mortgage contract or other agreement containing a clear, unambiguous, and unequivocal expression to pay an interest rate higher than the statutory interest rate, the statutory interest rate is the proper rate to be applied to the judgment (*see, Marine Mgt. v Seco Mgt.*, 176 AD2d 252, 253, *affd* 80 NY2d 886; *Stull v Joseph Feld, Inc.*, 34 AD2d 655, 656).

Furthermore, given the uncontradicted evidence that, after more than 30 years, the Rusins continued to reside on the subject property, the court properly determined that, by their possession of the property, they had the requisite standing to seek an order staying the foreclosure sale, and permitting them to tender the necessary sum required for redemption of the property (*see, Lorisa Capital Corp. v Gallo*, 119 AD2d 99, 106, 109; *see generally, Averill v Taylor*, 8 NY 44; *Mahnk v Blanchard*, 233 App Div 555; 2 Rasch, New York Law and Practice of Real Property §§ 33.180, 33.181, at 598, 599 [2d ed]; 1 Bergman, New York Mortgage Foreclosures § 4.07, at 4-29; 3A Warren's Weed, New York Real Property, Mortgages, § 19.03 [4th ed]). However, since the record does not reflect unconditional delivery of the deed to Rispo or his agent, Rispo does not have an interest in the subject property. Therefore, Rispo has no right of redemption. It is well established that transfer of title is accomplished only by the delivery and acceptance of an executed deed (*see,* Real Property Law § 244; *Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d 370, 372). However, if a deed is delivered to be held in escrow, the delivery is conditional, and is of no force until the condition is fulfilled (*see, Tooker v Siegel-Cooper Co.*, 194 NY 442, 446-447). Here, the record does not indicate that the attorney for the title insurance company was acting as Rispo's agent for delivery of the deed. The letter of transmittal from Richard's attorney to the attorney for the title insurance company indicated that certain conditions had to be met before a written authorization releasing the deed for recording would be provided. However, the record also does not indicate the conditions which would have authorized release of the deed for recording, or whether those conditions were ever met. Accordingly, since the record does not indicate that the delivery of the deed to the subject property was completed, Rispo did not establish that he had an interest in the property which would allow for its redemption. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.