■ In the Matter of WILLIAM SORG, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE/TOWN OF MOUNT KISCO, Respondent. [670 NYS2d 511] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village/Town of Mount Kisco, dated July 18, 1995, which, after a hearing, held, *inter alia*, that it was the responsibility of the petitioner, at his sole cost and expense, to improve the roads in accordance with Village specifications prior to the petitioner being permitted to construct single-family homes on his property, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered January 9, 1997, as, upon reargument, dismissed the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the Supreme Court stated that the petitioner's motion for reargument was denied, it addressed the underlying merits of the motion. Therefore, the order is appealable (*see, Price v Palagonia,* 212 AD2d 765).

Village Law § 7-736 authorizes a village to require a property owner to improve the street or means of access off-site as

a prerequisite to issuance of a building permit (*see, Pearson Kent Corp. v Bear,* 35 AD2d 211, 212, *revd on other grounds* 28 NY2d 396). Further, while Village Law § 7-736 does not define what type of access is required for approval of a building permit, it does refer to "standards or specifications approved by the board of trustees", and consequently, a village may adopt regulations which specify what is required in order for access to be considered sufficient. Here, the requirement that access roads to proposed building sites be paved and improved is an appropriate means of assuring that the roads will be accessible for emergency vehicles, will meet minimum requirements for safe vehicular travel, and will prevent drainage problems and erosion from the proposed construction onto adjoining lands. Moreover, the respondents have attempted to decrease the burdens imposed upon the petitioner to the extent possible, by granting him a variance which decreased the actual linear feet of improvement required to comply with their ordinance. Additionally, the enforcement of the ordinance against the petitioner will have a beneficial impact on his property which balances the burden involved, since he is the direct beneficiary of the improvements required by the ordinance. Accordingly, the respondent's determination was neither arbitrary nor capricious, and was based upon substantial evidence in the record (*see, Matter of Sasso v Osgood,* 86 NY2d 374).

The petitioner's remaining contentions are without merit. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.