■ C & M Air Systems, Inc., Appellant, v Custom Land Development Group II et al., Respondents. [692 NYS2d 146] —In a mortgage foreclosure action, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered June 18, 1998, as granted its ex parte motion to amend the interest provisions of the judgment of foreclosure and sale only to the extent of increasing the rate of interest set forth therein to 12% per annum.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [a] [2]; [c]); and it is further,

Ordered that the order is modified by deleting therefrom the phrase "12% per annum" and by substituting therefor the phrase "16% per annum"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Based upon the clear and unequivocal language of the subject mortgage, the plaintiff was entitled to receive interest on the judgment of foreclosure and sale at either the rate agreed to in the "Land Acquisition Note" executed contemporaneously with the mortgage or "at the highest rate of interest permitted to be charged an individual by a Lender *for a loan* in an amount equivalent to the amount of the judgment * * * whichever rate of interest is the highest" (emphasis supplied). Pursuant to General Obligations Law § 5-501 and Banking Law § 14-a (1), the maximum rate of interest "upon *the loan* * * * of any money" (General Obligations Law § 5-501 [1]) (emphasis supplied) shall be 16% per annum. Since the 16% statutory maximum loan rate is higher than the note rate, the plaintiff was entitled to interest on the judgment at the rate of 16%, rather than at the rate of 12% fixed by the Supreme Court.

We find unpersuasive the plaintiff's contention that it is

entitled to interest at the rate of 25% per annum because the subject instrument is a purchase money mortgage. It is true that a purchase money mortgage is not considered a "loan or forbearance" under the General Obligations Law, and the interest rate applicable thereto ordinarily is limited only by the criminal usury laws (*see,* Penal Law § 190.40; *see, e.g., Mandelino v Fribourg,* 23 NY2d 145; *Christopher v Gurrieri,* 238 AD2d 299; *Dallas v Dallas,* 182 AD2d 1039; *Emery v Fishmarket Inn,* 173 AD2d 765; *Barone v Frie,* 99 AD2d 129). However, regardless of whether the mortgage in this case is a purchase money mortgage, that instrument expressly limits the interest on a judgment of foreclosure and sale to the maximum rate applicable to "a loan". Accordingly, the maximum loan rate of 16% per annum found in the General Obligations Law and the Banking Law applies. Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.