■ In the Matter of DIANE SPEARS et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [692 NYS2d 100] —In a proceeding pursuant to CPLR article 75 to confirm an uninsured motorist arbitration award, the appeal is from a judgment of the Supreme Court, Kings County (Lewis, J.), entered May 15, 1998, which is in favor of the petitioner Diane Spears and against the New York City Transit Authority in the principal sum of $150,000, and in favor of the petitioner Audrey Wilson and against the New York City Transit Authority in the principal sum of $5,000.

Ordered that the judgment is modified, on the law, by deleting the provision in the first decretal paragraph thereof awarding the petitioner Diane Spears judgment in the principal sum $150,000, and substituting therefor a provision awarding the petitioner Diane Spears judgment in the principal sum of $10,000; as so modified, the judgment is affirmed, with costs to the petitioners.

The New York City Transit Authority (hereinafter the Transit Authority) is a self-insurer which provides uninsured motorist coverage to its passengers in accordance with Insurance Law § 3420 (former [f] [1]). The Transit Authority contends, *inter alia,* that the Supreme Court erred in confirming an arbitration award to the petitioner Diane Spears which

exceeded the $10,000 per person statutory limit of its uninsured motorist coverage that was in effect at the time of the accident. We agree.

It is well settled that an arbitration award may be vacated upon the ground that the arbitrator exceeded his or her authority by making an award in excess of the limits fixed by the insurance policy (*see, Matter of Brijmohan v State Farm Ins. Co.,* 92 NY2d 821; *Matter of Sagona v State Farm Ins. Co.,* 218 AD2d 660; *Matter of Allstate Ins. Co. v Silver,* 225 AD2d 690). In this case, the Transit Authority was obligated by Insurance Law § 3420 (former [f] [1]) to provide the petitioners with uninsured motorist insurance in the maximum sum of $10,000 per person and $20,000 per accident (*see, Matter of New York City Tr. Auth. [Thom],* 70 AD2d 158). Accordingly, the arbitrator exceeded his authority by awarding the petitioner Diane Spears damages in the sum of $150,000, and we modify the judgment appealed from to reduce this award to $10,000. We further note that the Transit Authority did not waive this claim by failing to appear at the arbitration hearing, since "[a] limitation on the arbitrator's power 'will not be waived if the party relying on it asserts it * * * in opposition to an application for confirmation' " (*Matter of Brijmohan v State Farm Ins. Co., supra,* at 822, quoting *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 309).

The Transit Authority's remaining contention is without merit. Bracken, J. P., O'Brien, Krausman and McGinity, JJ., concur.