■ PETER CACCIOPPOLI, Respondent, v LONG ISLAND JEWISH MEDICAL CENTER et al., Defendants, and PATIENT'S FIRST MEDICAL CARE, P. C., Appellant. (And a Third-Party Action.) [706 NYS2d 145] —In an action, *inter alia*, to recover damages for medical malpractice, the defendant Patient's First Medical Care, P. C., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Queens County (Milano, J.), dated April 7, 1999, as granted the plaintiff's motion to strike its answer to the extent of precluding it from offering any testimony opposing the plaintiff's version of the underlying occurrence, and (2) an order of the same court, dated July 6, 1999, as, upon deeming its motion to vacate the prior order to be one for leave to reargue and, in effect, granting reargument, adhered to the prior determination.

Ordered that the appeal from the order dated April 7, 1999, is dismissed, as that order was superseded by the order dated July 6, 1999, made upon reargument; and it is further,

Ordered that the order dated July 6, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In an order dated April 7, 1999, the Supreme Court precluded the appellant from offering certain evidence at trial. The appellant subsequently made a motion denominated as one to vacate the prior order, but which was, as the court found, actually a

motion for leave to reargue. Although the court stated that the motion was denied, it is apparent from its decision that it considered the merits and adhered to its prior determination. Consequently, the order dated July 6, 1999, is appealable (*see, Price v Palagonia,* 212 AD2d 765; *Matter of Aetna Cas. & Sur. Co. v Pellegrino,* 203 AD2d 457).

The Supreme Court providently exercised its discretion in issuing a preclusion order (*see,* CPLR 3126 [2]). The appellant's willful and contumacious conduct was intended to thwart the plaintiff's right to meaningful pretrial discovery. This can be inferred from the appellant's continued adjournment of its deposition over the course of several years, its repeated failure to comply with stipulations and orders directing that the deposition be completed by a date certain, and the inadequate excuses offered to explain its noncompliance (*see, DeJulio v Wulf,* 260 AD2d 425; *Lavi v Lavi,* 256 AD2d 602; *Fappiano v City of New York,* 241 AD2d 509; *Vatel v City of New York,* 208 AD2d 524). Thompson, J. P., Florio, H. Miller and Schmidt, JJ., concur.