■ JOANNE NOBLE, Respondent, v WILLIAM NOBLE, Appellant. [841 NYS2d 634]—In a matrimonial action in which the parties were divorced by judgment dated February 7, 2003, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated September 13, 2006, as, in effect, upon reargument, granted that branch of his prior motion which was for the distribution from escrow of certain sale proceeds only to the extent of directing that the distribution be in equal shares, and, in effect, otherwise adhered to the determination in a prior order of the same court dated July 7, 2006, denying that branch of the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the Supreme Court stated that the defendant's motion for leave to reargue was denied, the court, in fact, for the first time, partially granted that branch of the defendant's motion which was for the distribution from escrow of certain sale proceeds, thereby, in effect, granting reargument. Thus, the order is appealable (*see* CPLR 5517 [a] [1]; *Matter of Sorg v Zoning Bd. of Appeals of Vil./Town of Mount Kisco,* 248 AD2d 622 [1998]; *Price v Palagonia,* 212 AD2d 765, 766 [1995]; *Matter of*

*Aetna Cas. & Sur. Co. v Pellegrino,* 203 AD2d 457 [1994]), and we affirm. The Supreme Court properly interpreted the clear provisions of a stipulation of settlement incorporated but not merged into the judgment of divorce (*see Matter of Meccico v Meccico,* 76 NY2d 822, 823-824 [1990]; *Rainbow v Swisher,* 72 NY2d 106, 109 [1988]; *Perry v Perry,* 13 AD3d 508, 508-509 [2004]), by directing that the distribution from escrow of the remaining proceeds from the sale of certain marital property to the parties be in equal shares. Crane, J.P., Ritter, Dillon and Carni, JJ., concur.