■ Hermina Schiff, Respondent, v Joshua Sokolow et al., Appellants. [852 NYS2d 210]—

In an action, inter alia, for a judgment declaring that the plaintiff has a right under General Obligations Law § 5-501 (3) (b) to prepay without penalty a mortgage held by the defendants, the defendants appeal from an order of the Supreme Court, Queens County (Kelly, J.), dated October 20, 2006, which, among other things, granted the plaintiff's motion for summary judgment on the first and second causes of action, and for summary judgment dismissing the defendants' counterclaim.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate declaratory judgment.

Insofar as relevant to this appeal, in the first cause of action of her complaint, the plaintiff sought a declaration that she has the right to prepay without penalty a mortgage that she, along with her late husband, gave to the defendants. In the second cause of action, the plaintiff sought an injunction compelling the defendants to allow her to do so.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the subject causes of action. She demonstrated, prima facie, that the subject mortgage secured a "loan or forbearance" within the meaning of General Obligations Law § 5-501 (3) (b) (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *cf. Mandelino v Fribourg,* 23 NY2d 145 [1968]; *Skidelsky v Merendino,* 133 AD2d 149 [1987]; *Barone v Frie,* 99 AD2d 129 [1984]). Furthermore, she demonstrated, prima facie, that the other statutory requisites were met, namely that the subject loan carried an interest rate in excess of six per cent per annum, that the loan was secured primarily by an interest in real property improved by a one- to six-family residence that was owner occupied, and that she sought to prepay the loan more than one year after the loan was made (*see* General Obligations Law § 5-501 [3] [b]). In opposition, the defendants failed to raise a triable issue of fact.

Furthermore, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law entitling her to dismissal of the defendants' counterclaim, which sought a judgment awarding them an attorney's fee (*see Jacreg Realty Corp. v Barnes,* 284 AD2d 280 [2001]). Once again, in opposition thereto, the defendants failed to raise a triable issue of fact.

Accordingly, the Supreme Court correctly granted the plaintiff's motion for summary judgment on the first and second causes of action, and for summary judgment dismissing the defendants' counterclaim.

The defendants' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for entry of an appropriate declaratory judgment (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.