■ RETIREMENT ACCOUNTS, INC., et al., Respondents, v PACST REALTY, LLC, Appellant, EDWARD F. MYERS et al., Respondents, et al., Defendants. [854 NYS2d 487]—

Although the Supreme Court stated that the appellant's motion for leave to reargue was denied, the court, in fact, considered the merits of the underlying motion and cross motion and adhered to its original determination. Thus, contrary to the contention of the plaintiffs and the defendants-respondents, the order dated January 5, 2007 is appealable (*see Noble v Noble*, 43 AD3d 893 [2007]; *Caccioppoli v Long Is. Jewish Med. Ctr.*, 271 AD2d 565, 566 [2000]; *Matter of Sorg v Zoning Bd. of Appeals of Vil./Town of Mount Kisco*, 248 AD2d 622 [1998]).

Generally, once a judgment is entered, the interest rate set forth in CPLR 5004 applies (*see Marine Mgt. v Seco Mgt.*, 176 AD2d 252, 253 [1991], *affd* 80 NY2d 886 [1992]). However,

where there is a clear, unambiguous, and unequivocal expression to pay an interest rate higher than the statutory interest rate until the judgment is satisfied, the contractual interest rate is the proper rate to be applied (*see C & M Air Sys. v Custom Land Dev. Group II*, 262 AD2d 440 [1999]; *Banque Nationale De Paris v 1567 Broadway Ownership Assoc.*, 248 AD2d 154, 155 [1998]; *ERHAL Holding Corp. v Rusin*, 229 AD2d 417, 419 [1996]; *Marine Mgt. v Seco Mgt., Inc.*, 176 AD2d at 254, *affd* 80 NY2d 886 [1992]). Here, as the Supreme Court correctly concluded, the mortgage note and agreement clearly, unambiguously, and unequivocally expressed that, in the event of default, the agreed-upon rate of interest, 24%, was to govern over the statutory rate of interest from that time through the entry of judgment up until actual satisfaction.

Contrary to the appellant's contention, there is no evidence that the plaintiffs engaged in inequitable or dilatory conduct that would preclude them from their entitlement to interest earned on the unpaid judgment (*see Bankers Trust Co. of Cal., N.A. v Brunson*, 40 AD3d 672 [2007]; *Matter of Matra Bldg. Corp. v Kucker*, 19 AD3d 496 [2005]; *Greenberg v Greenberg*, 269 AD2d 354, 355 [2000]; *cf. ERHAL Holding Corp. v Rusin*, 252 AD2d 473, 474 [1998]). Mastro, J.P., Covello, Eng and Belen, JJ., concur.