EMIGRANT MORTGAGE COMPANY, INC., Respondent, v GREGORY KARPINSKI, Appellant, et al., Defendants. [890 NYS2d 570]—

In an action to foreclose a mortgage, the defendant Gregory Karpinski appeals, as limited by his brief, from so much of an

order of the Supreme Court, Kings County (Saitta, J.), dated April 16, 2008, as granted those branches of the plaintiff's motion which were for summary judgment dismissing the first and fifth counterclaims asserted by him and so much of the second and third counterclaims asserted by him as sought to recover prepayment penalties.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment dismissing the appellant's first and fifth counterclaims and so much of the appellant's second and third counterclaims as sought to recover prepayment penalties are denied, and, upon searching the record, summary judgment is awarded to the appellant on his first counterclaim.

In his first counterclaim, the defendant Gregory Karpinski sought to compel the plaintiff to issue him a satisfaction of mortgage (*see* Real Property Law § 275 [1]). The plaintiff argued that it was entitled to summary judgment dismissing the first counterclaim because Karpinski had not paid the mortgage in full but, rather, still owed attorney's fees pursuant to the terms of the subject mortgage note and mortgage (*see* Real Property Law § 275 [2]). However, contrary to the plaintiff's claim, the mortgage note and mortgage did not obligate Karpinski to pay the plaintiff for attorney's fees incurred by it in this mortgage foreclosure action (*see Jamaica Sav. Bank v Cohan*, 38 AD2d 841, 842 [1972]; *see also Preferred Group of Manhattan, Inc. v Fabius Maximus, Inc.*, 51 AD3d 889, 890 [2008]; *Vardy Holding Co. v Metric Resales*, 131 AD2d 564, 565 [1987]; *Lipton v Specter*, 96 AD2d 549 [1983]).

Consequently, insofar as the plaintiff admits that Karpinski otherwise paid the full amount of principal and interest due on the mortgage, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment dismissing Karpinski's first counterclaim for the issuance of a satisfaction of mortgage. Moreover, upon searching the record (*see* CPLR 3212 [b]), we find that Karpinski is entitled to summary judgment on his first counterclaim (*see* Real Property Law § 275 [1]).

In his second and third counterclaims, Karpinski sought to recover unspecified sums of money on the ground that the plaintiff was not entitled to certain portions of the loan payoff amount, which he had paid to the plaintiff under protest, including, as relevant to this appeal, certain prepayment penalties. The plaintiff established its prima facie entitlement to judgment as a matter of law dismissing so much of the second and

third counterclaims as sought to recover the prepayment penalties by submitting a copy of the mortgage note and mortgage, which together expressly provided for prepayment penalties in the event of acceleration upon default, along with proof of Karpinski's default and the plaintiff's election to accelerate payment of the debt (*see SO/Bluestar, LLC v Canarsie Hotel Corp.*, 33 AD3d 986, 987 [2006]).

However, in opposition to the plaintiff's prima facie showing, Karpinski raised a triable issue of fact as to whether the plaintiff was prohibited from charging him the prepayment penalties pursuant to General Obligations Law § 5-501 (3) (b). Contrary to the Supreme Court's finding, the existence of a small office at the property securing the subject loan, which otherwise consists of five residential apartments, does not remove the property from the ambit of General Obligations Law § 5-501 (3) (b), which requires, inter alia, that the subject loan be secured primarily by an interest in real property improved by a one-to-six-family residence (*see* General Obligations Law § 5-501 [3] [b]; *Schiff v Sokolow*, 48 AD3d 541 [2008]; *see also* Banking Law § 14-b [7]).

In reply, the plaintiff argued that Karpinski should be estopped from claiming that the subject property was secured primarily by an interest in real property improved by a one-to-six-family residence within the meaning of General Obligations Law § 5-501 (3) (b), based upon a representation made by Karpinski in the mortgage regarding the nature of the improvements on the property. However, under the circumstances, it cannot be said, as a matter of law, that the plaintiff justifiably relied upon Karpinski's representation (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]), and the plaintiff otherwise failed to demonstrate as a matter of law the inapplicability of General Obligations Law § 5-501 (3) (b). Consequently, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment dismissing so much of the second and third counterclaims as sought to recover the prepayment penalties.

In his fifth counterclaim, Karpinski sought to recover damages for breach of the implied covenant of good faith and fair dealing. Contrary to the plaintiff's contention, the bald, conclusory statement in the supporting affirmation of its counsel that "[a]t all times, [the plaintiff] has acted in accord with the terms of the note and mortgage," was insufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law dismissing the fifth counterclaim (*see e.g. Mahoney v Jackson's Mar.*, 305 AD2d 555 [2003]). Since the

plaintiff failed to meet its prima facie burden, we need not consider the sufficiency of Karpinski's opposition papers in this regard (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment dismissing the appellant's fifth counterclaim.

The appellant's remaining contention is without merit. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.