*1045 Motion by the plaintiff, Emigrant Mortgage Company, Inc., for leave to reargue an appeal from an order of the Supreme Court, Kings County, dated April 16, 2008, which was determined by decision and order of this Court dated November 24, 2009.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated November 24, 2009 (Emigrant Mtge. Co., Inc. v Karpinski, 67 AD3d 958 [2009]), is recalled and vacated, and the following decision and order is substituted therefor:
In an action to foreclose a mortgage, the defendant, Gregory Karpinski, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated April 16, 2008, as granted those branches of the plaintiffs motion which were for summary judgment dismissing the first and fifth counterclaims asserted by him and so much of the second and third counterclaims asserted by him as sought to recover prepayment penalties.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs motion which were for summary judgment dismissing the appellant’s first and fifth counterclaims and so much of the appellant’s second and third counterclaims as sought to recover prepayment penalties are denied.
In his first counterclaim, the defendant, Gregory Karpinski (hereinafter the appellant), sought to compel the plaintiff to issue him a satisfaction of mortgage (see Real Property Law § 275 [1]). The plaintiff argued that it was entitled to summary judgment dismissing the first counterclaim because Karpinski had not paid the mortgage in full, but, rather, still owed attorney’s fees pursuant to the terms of the subject mortgage note and mortgage (see Real Property Law § 275 [2]). The plaintiff satis *1046 fled its prima facie burden of establishing its entitlement to judgment as a matter of law dismissing the appellant’s first counterclaim (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Under the mortgage, the plaintiff is entitled to attorney’s fees when it “ appear [s] in, defend[s], or bring[s], any action or proceeding to protect its interest in the Mortgaged Property or to foreclose the Mortgage,” and such attorney’s fees become part of the debt. In defending its interest in the mortgaged property, specifically its entitlement to certain prepayment penalties, the plaintiff incurred attorney’s fees and those fees became part of the debt. In opposition, however, the appellant raised a triable issue of fact as to whether he had already satisfied the mortgage and, in fact, had overpaid. The Supreme Court therefore erred in granting that branch of the plaintiff’s motion which was for summary judgment dismissing the appellant’s first counterclaim for the issuance of a satisfaction of mortgage.
In his second and third counterclaims, the appellant sought to recover unspecified sums of money on the ground that the plaintiff was not entitled to certain portions of the loan payoff amount, which he had paid to the plaintiff under protest, including, as relevant to this appeal, certain prepayment penalties. The plaintiff established its prima facie entitlement to judgment as a matter of law dismissing so much of the second and third counterclaims as sought to recover the prepayment penalties by submitting a copy of the mortgage note and mortgage, which together expressly provided for prepayment penalties in the event of acceleration upon default, along with proof of the appellant’s default and the plaintiffs election to accelerate payment of the debt (see SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986, 987 [2006]).
However, in opposition to the plaintiffs prima facie showing, the appellant raised a triable issue of fact as to whether the plaintiff was prohibited from charging him the prepayment penalties pursuant to General Obligations Law § 5-501 (3) (b). Contrary to the Supreme Court’s finding, the existence of a small office at the property securing the subject loan, which otherwise consists of five residential apartments, does not remove the property from the ambit of General Obligations Law § 5-501 (3) (b), which requires, inter alia, that the subject loan be secured primarily by an interest in real property improved by a one-to-six-family residence (see General Obligations Law § 5-501 [3] [b]; Schiff v Sokolow, 48 AD3d 541 [2008]; see also Banking Law § 14-b [7]).
In reply, the plaintiff argued that the appellant should be *1047 estopped from claiming that the subject property was secured primarily by an interest in real property improved by a one-to-six-family residence within the meaning of General Obligations Law § 5-501 (3) (b), based upon a representation made by the appellant in the mortgage regarding the nature of the improvements on the property. However, under the circumstances, it cannot be said, as a matter of law, that the plaintiff justifiably relied upon the appellant’s representation (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]), and the plaintiff otherwise failed to demonstrate as a matter of law the inapplicability of General Obligations Law § 5-501 (3) (b). Consequently, the Supreme Court erred in granting those branches of the plaintiffs motion which were for summary judgment dismissing so much of the second and third counterclaims as sought to recover the prepayment penalties.
In his fifth counterclaim, the appellant sought to recover damages for breach of the implied covenant of good faith and fair dealing. Contrary to the plaintiffs contention, the bald, conclusory statement in the supporting affirmation of its counsel that “[a]t all times, [the plaintiff] has acted in accord with the terms of the note and mortgage,” was insufficient to establish the plaintiffs prima facie entitlement to judgment as a matter of law dismissing the fifth counterclaim (see e.g. Mahoney v Jackson’s Mar., 305 AD2d 555 [2003]). Since the plaintiff failed to meet its prima facie burden, we need not consider the sufficiency of the appellant’s opposition papers in this regard (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court erred in granting that branch of the plaintiffs motion which was for summary judgment dismissing the appellant’s fifth counterclaim.
The appellant’s remaining contention is without merit. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.