■ In the Matter of the Arbitration between CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Respondent, and SCHENECTADY COUNTY, Appellant. [633 NYS2d 653] —Mercure, J. Appeal from an order and judgment of the Supreme Court (Williams, J.), entered October 7, 1994 in Schenectady County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

Petitioner represents nurses employed by respondent at the Schenectady County Jail. Pursuant to the parties' collective bargaining agreement for the period January 1, 1990 through December 31, 1993, each nurse at the jail was employed under the general title of Jail Health Service Provider (hereinafter JHSP) and paid at a salary schedule applicable only to that title. Within the JHSP classification, registered professional nurses (hereinafter RN) and licensed practical nurses (hereinafter LPN) performed the same duties and received the same basic rate of pay, which substantially exceeded that paid to nurses working under either the LPN or RN title at other of respondent's facilities. In 1992, respondent unilaterally determined to eliminate the JHSP classification, reclassify the incumbents and pay them under the RN and LPN job titles. Thereafter, the County Legislature adopted a budget that made

no appropriation for the JHSP title but appropriated funds for the reclassified RN and LPN positions at the jail. Commencing January 1, 1993, the affected nurses were paid at the lower RN and LPN pay rate, although no new job descriptions were promulgated and their respective duties remained essentially the same as they had been under the JHSP job description.

Claiming that the change of JHSP job titles and payment of a reduced salary under the RN and LPN pay schedules violated the parties' collective bargaining agreement, petitioner subsequently filed a "class action" grievance on behalf of the affected nurses. The grievance was denied through the steps, and petitioner filed a demand for arbitration. Following respondent's unsuccessful application in Supreme Court to stay arbitration, the parties stipulated to arbitrate the issues of whether respondent violated the collective bargaining agreement as alleged in the grievance and, if so, the appropriate remedy. Finding, in essence, that respondent did not abolish the JHSP title but merely changed the name of the position without altering the underlying job duties, the arbitrator determined that respondent breached the contract by failing to pay the affected nurses in accordance with the JHSP pay schedule. Ultimately, the grievants were awarded back pay from the date of the breach. Petitioner thereafter brought this proceeding pursuant to CPLR 7510 to confirm the arbitrator's award. Respondent cross-moved to vacate the award. Supreme Court granted petitioner's application and this appeal by respondent ensued.

There should be an affirmance. Initially, we reject the contention that the arbitrator exceeded her authority under the collective bargaining agreement. Although the agreement's definition of "grievance" excludes claims "concerning salary or other amount of basic compensation fixed by the County Legislature by budget action or other resolution or Local Law, or established by contract", it specifically encompasses the "compensation circumstance * * * [of] [m]isapplication of a salary or increment schedule", which is expressly subject to normal grievance procedures. In view of the arbitrator's factual determinations that the JHSP incumbents continued performing the same essential job functions after January 1, 1993 and, therefore, that their positions were not truly abolished, we cannot say that the arbitrator was irrational in her conclusion that respondent " 'misapplied' " the salary schedule when it paid them under the LPN and RN schedules and that the controversy was therefore arbitrable (*see, Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383). Fundamentally,

the fact that a different construction could have been accorded the relevant contract provisions and a different conclusion thereby reached does not mean that the arbitrator "so misread those provisions as to empower a court to set aside the award" (*supra*, at 383).

Nor are we persuaded that the arbitrator's decision is violative of public policy. Although respondent correctly argues that County Law § 204 empowers the County Legislature to unilaterally abolish positions of employment by budget adoption, respondent is bound by the arbitrator's rational determination that it did not actually abolish the subject position but, rather, merely changed its name and applied a different pay schedule.

Cardona, P. J., Crew III, Casey and Spain, JJ., concur. Ordered that the order and judgment is affirmed, with costs.