■ In the Matter of the Arbitration between RRN Associ-ATES, INC., Appellant, and DAK ELECTRIC CONTRACTING CORP., Respondent. [637 NYS2d 409] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered August 28, 1995, which granted reargument and, upon reargument, vacated its prior determination confirming an arbitration award in favor of petitioner and remanded the matter to the arbitrators with re-spect to projects numbers 4 and 5 for "sufficient elaboration * * * in order for the court to determine whether they drew a rational conclusion that claims arising under those projects were arbitrable" and as to projects numbers 1, 2 and 3 to "provide a breakdown between the share of [respondent's] net profits awarded to [petitioner] and any other monies due [it] on [those] projects", unanimously reversed, on the law, with costs and disbursements, the motion for reargument denied and the previous order confirming the award reinstated.

There was no basis whatsoever upon which to grant reargu-ment. With respect to projects numbers 4 and 5, respondent, in seeking reargument, argued that there was no agreement to arbitrate. It is undisputed, however, that respondent never sought a stay of arbitration within 20 days after service of the notice of intention to arbitrate. By failing so to move, respon-dent is precluded from arguing the absence of an agreement to arbitrate. (CPLR 7503 [c]; *Matter of Aaacon Auto Transp. [State Farm Mut. Auto. Ins. Co.]*, 41 NY2d 951, *cert denied* 434 US 859.) Moreover, having participated in the arbitration proceeding after service upon it of a notice of intention to arbitrate, respondent waived its right to vacate the award on the ground that there was no agreement to arbitrate. (CPLR 7511 [b] [2] [ii]; *see, Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 382-383.) Nor, contrary to the IAS Court's erroneous ruling, may respondent resurrect its waived claim that a valid agreement to arbitrate was never made in the guise of an argument that the arbitrators "exceeded their power." As to projects numbers 1, 2 and 3, the award is in full settlement of all the claims and counterclaims submitted and may not be vacated for failing to set forth the arbitrators' calculations or reasoning in reaching their award. The arbitra-tors are under no additional requirement to make detailed factual findings or specify the formula relied upon to reach their conclusions. (*Matter of Reddick & Sons v Carthage Cent. School Dist. No. 1*, 91 AD2d 1182.)

The previous order confirming the arbitration award is, in all respects, reinstated. Concur—Sullivan, J. P., Wallach, Ru-bin and Tom, JJ.