■ In the Matter of the Arbitration between WAND ELECTRIC, INC., Appellant, and CLINTON COUNTY HIGHWAY DEPARTMENT, Respondent. [667 NYS2d 96] —White, J. Appeal from an order of the Supreme Court (Dawson, J.), entered June 12, 1996 in Clinton County, which, inter alia, denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

In 1993, the parties entered into a general construction contract and an electrical contract pertaining to the Clinton County Highway Department Building renovation project. Petitioner commenced performance of both contracts and apparently completed its performance of the electrical contract. However, respondent terminated the general construction contract before its completion. Thereafter, pursuant to the contracts' broad arbitration clauses, petitioner filed demands for arbitration.* At the completion of the arbitration proceedings that involved over 100 exhibits and spanned 2,499 pages of testimony, the arbitrators issued a one-sentence determination awarding respondent $5,857.81. Petitioner moved to vacate the award pursuant to CPLR 7511 (b) (1) (iii) while respondent cross-moved for an order confirming it. This appeal follows Supreme Court's denial of petitioner's motion and its granting of the cross motion.

Under CPLR 7511 (b) (1) (iii), an arbitration award may be vacated if the arbitrators exceeded their power by rendering an award that is, inter alia, totally irrational (see, Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 155). Because this case involves voluntary arbitration and a broad arbitra-

---

* Only the electrical contract is included in the record. In its brief, respondent advises us that the arbitration provision in the general construction contract is similar.

tion clause, an award is deemed irrational when the arbitrators give the provisions in dispute "a completely irrational construction * * * and, in effect [make] a new contract for the parties" (*Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383). Thus, the fact that a court could have accorded a different construction to the relevant contract provisions and reached a different conclusion does not empower the court to vacate an award (*see, Matter of Civil Serv. Empls. Assn. [Schenectady County]*, 221 AD2d 744, 746, *lv denied* 88 NY2d 803). Nor can an award be set aside because the arbitrators incorrectly applied the law or failed to make detailed factual findings or specify the formula relied upon to reach their conclusions (*see, Matter of RRN Assocs. [DAK Elec. Contr. Corp.]*, 224 AD2d 250; *Branciforte v Levey*, 222 AD2d 276). In short, arbitrators may apply their own sense of law, justice and equity to the facts as they find them (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308).

In this instance, petitioner contends that the award should be vacated because the arbitrators did not separately decide the claims arising out of each contract, improperly permitted respondent to file a claim six months after contract termination even though the contract required the submission of a claim within 21 days after it arose, and apparently ignored numerous breaches of the contract by respondent. As previously outlined, these arguments are insufficient to warrant the vacatur of an arbitration award. Accordingly, we affirm.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.