■ In the Matter of MIRIAM LEJBIK et al., Appellants, v ALL-STATE INDEMNITY COMPANY et al., Respondents. [835 NYS2d 423]—

In a proceeding pursuant to CPLR article 75 to compel arbitration of a claim for uninsured motorist benefits, Miriam Lejbik and Arthur Lejbik appeal from an order of the Supreme Court, Kings County (Harkavy J.), dated June 14, 2006, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the petition to compel arbitration is granted.

In 2003 the appellants Miriam Lejbik and Arthur Lejbik (hereinafter the appellants) were riding in a car, which was insured by the respondent Allstate Indemnity Company (hereinafter Allstate), when it was struck in the rear by another vehicle which was uninsured. The appellants served a demand for uninsured motorist arbitration upon Allstate, which thereafter did not move to stay arbitration pursuant to CPLR 7503 (c). Following the failure by the American Arbitration Association to schedule a hearing, the appellants brought the instant proceeding to compel arbitration. Allstate answered the petition, contending that the policy did not provide for arbitration unless both parties agreed to it in writing. Since no such agreement had been reached, Allstate concluded that the claim was not subject to arbitration. The Supreme Court denied the petition without explanation. We reverse.

"CPLR 7503 (c) requires a party, once served with a demand for arbitration, to move to stay such arbitration within 20 days of service of such demand, else he or she is precluded from

objecting" (*Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084 [1996]). However, there is an exception to the 20-day time limitation when a stay is sought on the basis that the parties never agreed to arbitrate in the first place (*see Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264 [1982]). Contrary to Allstate's contention, the policy at issue did contain an agreement to arbitrate, albeit one which was subject to a condition precedent. While this condition was not satisfied herein, nevertheless Allstate was required to timely move to stay the arbitration on such basis or be precluded from raising it in opposition to the application to compel arbitration (*see* CPLR 7503 [c]; *Matter of Matarasso, supra* at 265 [wherein the Court of Appeals held that an untimely application to stay arbitration will not be entertained where there is an arbitration agreement which is nevertheless claimed to be invalid or unenforceable because its conditions have not been complied with]; *see also Matter of Steck [State Farm Ins. Co.], supra; Matter of Aaacon Auto Transp. [State Farm Mut. Auto. Ins. Co.]*, 41 NY2d 951 [1977], *cert denied* 434 US 859 [1977]; *Matter of RRN Assoc. [DAK Elec. Contr. Corp.]*, 224 AD2d 250 [1996]; *Matter of Nassau Ins. Co. [Clemente]*, 100 AD2d 969, 970 [1984]).

Allstate's remaining contentions are improperly raised for the first time on appeal and thus have not been considered (*see Nobles v Procut Lawns Landscaping & Contr., Inc.*, 7 AD3d 768 [2004]). Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.