## Sharp v Industry Model Group LLC

2024 NY Slip Op 33484(U)

September 27, 2024

Supreme Court, New York County

Docket Number: Index No. 651705/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. LYLE E. FRANK</u>          PART              11M

*Justice*

-------------------------------------------------------------------------------X

RHIYEN BRADLEIGH SHARP,

                       Petitioner,

                   - v -

INDUSTRY MODEL GROUP LLC,D/B/A INDUSTRY
MODEL MANAGEMENT, FEDERICO PIGNATELLI

                       Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651705/2024 |
| MOTION DATE | 04/02/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 30

were read on this motion to/for         <u>CONFIRM/DISAPPROVE AWARD/REPORT</u> .

Upon the foregoing documents, petitioner's award is confirmed and the respondent's cross-motion to vacate award is denied.

## Background

This petition arises out of an employment dispute between Petitioner Rhiyen Bradleigh Sharp ("Sharp" or "Petitioner") and Respondent Industry Model Group ("IMM"), owned by Respondent Federico Pignatelli ("Pignatelli", together with IMM "Respondents"). The parties entered into an employment agreement in February 2017 ("Employment Agreement"), and then in April 2017 the parties signed another employment agreement ("the April 2017 Agreement"). In January 2021, Sharp initiated arbitration proceedings alleging that IMM had terminated his employment prematurely, in breach of the April 2017 Agreement. The Arbitrator issued an Interim Award in August of 2021 finding that the April 2017 Agreement was a binding employment contract for a fixed term of three years and that it created a commission structure that gave Sharp "35% of net revenue generated on any bookings related to the Industry Model

651705/2024  SHARP, RHIYEN BRADLEIGH vs. INDUSTRY MODEL GROUP LLC,  D/B/A
INDUSTRY MODEL MANAGEMENT ET AL
Motion No.  001

Page 1 of 5

Management." The Interim Award also gave Sharp $132,692.52 for the salary he would have received for the remaining length of the three years employment and $16,317.00 for the costs of maintaining health insurance coverage after his termination. The Arbitrator in the Final Award gave Sharp unpaid commissions of $694,697.00, which in combination with the two awards in the Interim Award resulted in a total of $843,706.52, plus pre-judgment and post-judgment interest at the rate of nine percent (9%) per annum.

On April 02, 2024, Sharp filed the present petition asking the Court to confirm the arbitration award. IMM opposes the motion on the grounds that the Arbitrator's final decision was irrational and cross-moves to vacate the award.

**Standard of Review**

Well-settled law states that courts must review arbitration awards with a high level of deference. *Soc. Serv. Emps. Union v. City of New York*, 135 A.D.3d 226, 230 (1st Dept. 2015). An arbitration award may only be vacated when it "violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power." *Id*. Furthermore, if there "was some basis in the record for each of the arbitrator's findings", the award should not be vacated. *Branciforte v. Levey*, 222 A.D.2d 276 (1st Dept. 1995). Arbitrators may "apply their own sense of law, justice and equity to the facts as they find them" and an award in instances of voluntary arbitration will be deemed irrational "when the arbitrators give the provisions in dispute 'a completely irrational construction . . . and in effect [make] a new contract for the parties'." *Wand Elec. v. Clinton County Highway Dep't*, 245 A.D.2 984, 985 (3rd Dept. 1997) *quoting Matter of National Cash Register Co. v. Wilson*, 8 N.Y.2d 377, 383 (1960).

**Discussion**

651705/2024   SHARP, RHIYEN BRADLEIGH vs. INDUSTRY MODEL GROUP LLC,  D/B/A
INDUSTRY MODEL MANAGEMENT ET AL
Motion No.  001

Page 2 of 5

2 of 5

Respondents dispute the award on the grounds that it was irrational and against public policy. Specifically, Respondents disputes the arbitrator's handling of four issues: 1) the allegedly for-cause termination of Sharp, 2) the calculation of net revenue, 3) the binding nature of the April 2017 Agreement, and 4) the findings made regarding Sharp's immigration status. All four challenges to the arbitration award fail to overcome the high level of deference due.

Regarding the for-cause termination, the arbitrator looked to a variety of evidence submitted by Sharp in determining that Sharp met his employment obligations, including the lack of a statement of cause in the termination notification. For the calculation of net revenue, the arbitrator applied classic principles of contracts interpretation to the agreement as well as issuing a separate order on the definition of "net revenue". This separate thirteen-page order weighed both sides' arguments on the matter and considered their submissions (including record evidence cited by Sharp) before coming to a determination. In deciding the binding nature of the April 2017 Agreement, the arbitrator relied in part on unrebutted testimony by Sharp regarding discussions with Pignatelli. Therefore, there is some basis in the record for each of these findings and they cannot be said to be completely irrational.

Finally, Respondents base their objection to the findings regarding Sharp's immigration status partly on public policy grounds. They argue that it was an irrational decision to decide that Sharp was not illegally present in the United States and that case law dictates that awarding back pay to a person who was illegally present goes against public policy. A court can intervene in an arbitration award for public policy grounds only when "public policy considerations, embodied in statute or decisional law, prohibit, in an absolute sense, particular matters being decided, or certain relief being granted by an arbitrator." *N.Y. City Transit Auth. v. Transp. Workers Union of Am.*, 99 N.Y.2d 1, 7 (2002), *citing Matter of Sprinzen*, 46 N.Y.2d 623, 631 (1979).

**651705/2024 SHARP, RHIYEN BRADLEIGH vs. INDUSTRY MODEL GROUP LLC, D/B/A INDUSTRY MODEL MANAGEMENT ET AL Motion No. 001** Page 3 of 5

3 of 5

[* 3]

Furthermore, "a strong public policy justifying the vacatur of an arbitration award must be apparent from the face of the award, without extended factual inquiry." *Denson v. Donald J. Trump for President, Inc.*, 180 A.D.3d 446, 453 (1st Dept. 2020).

When faced with a public policy challenge to an arbitration award, "Judges cannot reject the factual findings of an arbitrator simply because they do not agree with them." *N.Y. State Corr. Officers & Police Benevolent Ass'n v. State*, 94 N.Y.2d 321, 328 (1999). Pursuant to the case law and the relevant narrow scope of review available, this Court will not conduct an extended factual inquiry into the matter of Sharp's immigration status or reject the Arbitrator's factual findings based on solely on disagreement with the interpretation of the record.

Looking solely to the face of the award, as the Court must, the arbitrator made findings of fact that Sharp was at no time present in the U.S. without proper legal authorization, and that there was no evidence that Sharp "committed any form of immigration fraud." There is no strong public policy against awarding backpay to an individual who has not committed immigration fraud and was present in the U.S. with valid work authorization for the entire time at issue. Neither can the arbitrator's factual decision be said to be completely irrational or without some basis in the record. The final award addresses the immigration issue at length, discussing the various forms of evidence and arguments presented by the parties, as well as relevant statutes and case law. Therefore, the Court will not vacate the arbitration award on public policy grounds.

Ultimately, the Respondents have not met their burden in overturning an arbitration award, as the award had some basis in the record for each finding and it was not completely irrational or against strong public policy.

For the reasons stated above, it is hereby

**651705/2024  SHARP, RHIYEN BRADLEIGH vs. INDUSTRY MODEL GROUP LLC,  D/B/A**                    **Page 4 of 5**
**INDUSTRY MODEL MANAGEMENT ET AL**
**Motion No.  001**

4 of 5

[* 4]

ADJUDGED that the petition is granted, and the award rendered in favor of petitioner and against respondents is confirmed; and it is further

ADJUDGED that respondents' cross-motion to vacate the award is denied; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of petitioner as against respondent in the amount of $843,706.52 plus interest from August 3, 2018.

20240927140944LFRANK52EFF0DBCE334E35A504326C3A0B00BC

| 9/27/2024 | | | LYLE E. FRANK, J.S.C. |
| --- | --- | --- | --- |
| DATE | | | |

CHECK ONE:    [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

               [X] GRANTED    [ ] DENIED    [ ] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

**651705/2024 SHARP, RHIYEN BRADLEIGH vs. INDUSTRY MODEL GROUP LLC, D/B/A INDUSTRY MODEL MANAGEMENT ET AL**
Motion No. 001

Page 5 of 5

5 of 5