In the Matter of the Arbitration between MEYER BASCH, Respondent, and KEMPER INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered January 9, 1981 in Ulster County, which granted petitioner's application, pursuant to CPLR 7510, to confirm an arbitration award and denied respondent's cross motion, pursuant to CPLR 7511, to vacate and/or modify the award. Petitioner was allegedly injured on October 26, 1976 when he fell off the rear of a vehicle insured by respondent Kemper Insurance Company, and the present controversy subsequently arose with respect to his claim for no-fault benefits based upon wages he allegedly lost as a consequence of the accident. Following his demand for arbitration of the claim, an arbitrator was appointed and made an award to petitioner which was later confirmed by Special Term. In reaching his decision, the arbitrator found that petitioner was earning $275 per week on the date of the accident and that, for the period petitioner was out of work from the occurrence of the accident until January 24, 1977, he was paid $125 per week in workers' compensation benefits and $75 per week in no-fault benefits for a total of $200 per week. Under these circumstances the arbitrator concluded that an award to petitioner of an additional sum of $20 per week in no-fault benefits, which would have raised his award to $220 per week, i.e., 80% of his lost earnings (see Insurance Law, § 671, subd 1, par [b]; subd 2, par [a]), should not be made. Instead, he decided that payment of such additional benefits should be held in abeyance pending a determination by the courts as to whether the decision in *Kurcsics v Merchants Mut. Ins. Co.* (49 NY2d 451), which ruled that the maximum monthly award for lost earnings was $1,000 rather than $800, should be retroactively applied. For a later period of 91 weeks from January 31, 1978 until October 26, 1979, the arbitrator awarded petitioner no-fault benefits of $198 per week, i.e., $220 less the $22 per week petitioner was receiving as compensation benefits, for a total amount of $18,018. In addition, the arbitrator refused to offset against this amount sums which petitioner received during the subject period as Social Security retirement benefits and unemployment insurance benefits, and the award provided that petitioner was also to receive interest on the $18,018 at the rate of 2% per month compounded from January 31, 1978 to the date of payment. On this appeal, respondent insurer challenges Special Term's confirmation of the award, and we agree that it should be vacated. Under 11 NYCRR 65.18, which has the force and effect of law (*Brunner v Allstate Ins. Co.,* 79 AD2d 491, app dsmd 54 NY2d 641), the arbitrator lacked jurisdiction to award petitioner benefits in excess of $800 per month for this accident which occurred prior to February 20, 1980, the date *Kurcsics v Merchants Mut. Ins. Co. (supra)* was handed down, and he recognized this limitation on his authority by holding in abeyance an additional award of $20 per week for the period from the accident until January 24, 1977. Unexplainably, however, he ignored the limitation when he approved an award in excess of $800 monthly for the subsequent 91-week period. Such being the case, and there having been no final court determination relative to the retroactive application of the holding in *Kurcsics v Merchants Mut. Ins. Co. (supra)* as provided in 11 NYCRR 65.18, we hold that this portion of the subject award is not grounded in reason (cf. *Matter of Furstenberg [Aetna Cas. & Sur. Co. — Allstate Ins. Co.],* 49 NY2d 757), and that

the arbitrator exceeded his power in awarding petitioner more than $800 per month (cf. *Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.]*, 25 NY2d 451). The arbitrator similarly exceeded his authority in awarding petitioner interest on the total award for the 91-week period at 2% per month compounded from January 31, 1978, the first day of the period. Clearly, any amounts owed by respondent to petitioner for the period were not overdue on the first day of the period, and, consequently, they cannot bear interest from that date (Insurance Law, § 675, subd 1; *Matter of Government Employees Ins. Co. [Lombino]*, 57 AD2d 957). In so ruling, we lastly find that the arbitrator acted properly in refusing to offset against petitioner's award amounts which petitioner received as Social Security retirement benefits and unemployment insurance benefits. These benefits are not among those specifically included in the pertinent statute as setoffs against an award such as petitioner's (see Insurance Law, § 671, subd 2, par [b]). Moreover, while a prerequisite to receiving unemployment insurance benefits is that one "is able to work, and available for work" (Labor Law, § 527, subd 1) and no-fault payments are designed to provide relief from "basic economic loss" due to inability to work (Governor's memorandum, NY Legis Ann, 1973, p 298), petitioner's simultaneous receipt of these benefits is not inconsistent because there is evidence in the record that he was disabled only insofar as physical labor was concerned and that he had not otherwise removed himself from the job market. In sum, the arbitrator's rejection of these setoffs clearly has a basis in reason and should not be disturbed (*Matter of Shand [Aetna Ins. Co.]*, 74 AD2d 442). Order reversed, on the law, without costs, cross motion granted, arbitration award vacated, and matter remitted to the arbitrator for a recomputation of petitioner's award in accordance with this decision. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.