■ In the Matter of JENNIFER B. MELE, Respondent, v GENERAL ACCIDENT INSURANCE COMPANY, Appellant. [604 NYS2d 619] —Casey, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 16, 1992 in Schenectady County, which, *inter alia,* granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

At issue on this appeal is whether the arbitrators exceeded their authority when, in a claim for underinsurance coverage pursuant to a policy issued by respondent, the arbitrators awarded petitioner an amount in excess of the limits for underinsurance coverage contained in the policy. We hold that the arbitrators lacked the authority to make an award in

excess of the policy limits and, therefore, Supreme Court's order must be reversed.

Petitioner, who was injured in an automobile accident, settled her action against the responsible tortfeasor for $50,000, which was the full amount of the coverage provided by the tortfeasor's insurer. As an additional insured under an automobile policy issued to her parents by respondent, petitioner sought to recover under the underinsurance provision contained in the policy, which had liability limits for bodily injury of $250,000 per person and underinsurance coverage for bodily injury in the amount of $10,000 per person. After Supreme Court denied respondent's application to stay arbitration for petitioner's failure to comply with certain policy conditions, the matter proceeded to arbitration. Despite respondent's contention that petitioner's underinsurance claim should be limited to the $10,000 underinsurance limit specified in the policy, the arbitrators concluded that the policy limit for underinsurance coverage was $250,000 and that petitioner was entitled to an award of $45,000 over and above the $50,000 she had received in the settlement with the tortfeasor. Petitioner moved to confirm the award and respondent crossmoved to vacate the award. Supreme Court granted petitioner's motion and denied the cross motion, resulting in this appeal by respondent.

Supreme Court correctly recognized that the scope of judicial review of an arbitrator's award as in excess of his authority is limited (see, CPLR 7511 [b] [1] [iii]; see, Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582). Nevertheless, the courts have not hesitated to vacate an arbitration award which grants damages in excess of the maximum allowable under the parties' contract (see, Matter of Granite Worsted Mills [Aaronson Cowen], 25 NY2d 451), or which grants an amount in excess of a limit fixed by law (see, Matter of Basch [Kemper Ins. Co.], 85 AD2d 872). We see no reason to reach a different conclusion when the award exceeds the applicable limit fixed by a policy of insurance (see, Matter of Valente v Prudential Prop. & Cas. Ins. Co., 77 NY2d 894).

Pursuant to Insurance Law § 3420 (f) (1), an automobile liability policy must include uninsured motorist coverage for the insured with bodily injury limits of no less than $10,000. Pursuant to Insurance Law § 3420 (f) (2), the insured has the option of purchasing supplementary uninsured motorist coverage in an amount up to the policy's bodily injury liability limits, subject to a maximum of $100,000 for bodily injury or death of one person. Insurance Law § 3420 (f) (2) also requires

that such supplementary insurance provide underinsurance coverage. In *Matter of Valente v Prudential Prop. & Cas. Ins. Co. (supra)*, Supreme Court had modified an arbitration award which refused to enforce a workers' compensation offset contained in a supplementary insurance provision, and the Appellate Division affirmed. The Court of Appeals stated: "Unlike the minimum coverage mandated by law (Insurance Law § 3420 [f] [1]), supplemental coverage is optional and nothing in the statute governing this type of coverage (Insurance Law § 3420 [f] [2]) prohibits the parties from agreeing to reduce the supplemental recovery by amounts received pursuant to the workers' compensation laws * * *" *(supra,* at 895-896). In affirming the Appellate Division's order, the Court explained that "[i]n the absence of such a statutory restriction, the Court is bound to enforce the contract as written" *(supra,* at 896).

The contract as written herein contains a bodily injury limit on optional supplementary underinsurance coverage of $10,000 per person, and there is nothing in the statute governing this type of coverage (Insurance Law § 3420 [f] [2]) which prohibits the parties from agreeing to limit the supplemental recovery to some amount less than the statutory maximum. We conclude, therefore, that the amount of underinsurance coverage available to petitioner is limited to the maximum specified in the policy limits for underinsurance coverage and not the maximum specified in the policy's bodily injury liability limits, which serve only to determine whether, in a particular case, the underinsured motorist coverage is applicable *(see, Di Stasi v Nationwide Mut. Ins. Co.,* 132 AD2d 305, 309-310). Petitioner's reliance on *Matter of Automobile Ins. Co. v Stillway* (165 AD2d 572) is misplaced, for that case involved the question of which policy limits are relevant in determining whether underinsurance coverage is applicable, an entirely different issue than that concerning the amount of underinsurance coverage available to the insured *(see, Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 954). The arbitration award should be modified to limit petitioner's recovery to $10,000, the policy limit for underinsurance coverage *(see, Matter of Valente v Prudential Prop. & Cas. Ins. Co., supra).*

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied and cross motion granted to the extent that the amount of the arbitration award to petitioner is reduced to $10,000.