In the Matter of STATE FARM INSURANCE COMPANY, Appellant, v LOIS CREDLE, Respondent. [643 NYS2d 97]

CPLR 7511 provides that an arbitration award should be vacated where an arbitrator exceeds the limits of his powers and the rights of a party are prejudiced. An award made in excess of the contractual limits of an insurance policy is an action in excess of authority (*see, Matter of Sagona v State Farm Ins. Co.*, 218 AD2d 660, 661; *Matter of Mele v General Acc. Ins. Co.*, 198 AD2d 731, 732). In this case, an award of $10,000 was made to each of three claimants, occupants of an automobile with uninsured motorist coverage, while the express terms of the contract limited the liability of the petitioner to $10,000 per person/$20,000 per occurrence (*see, State Farm Mut. Auto Ins. Co. v Basile*, 48 AD2d 868). Payments were made on a chronological basis, and while it was arguably negligent for the petitioner to have paid out proceeds to the first two applicants, exhausting the policy limits after respondent had filed her claim, such action did not rise to the level of "gross disregard" so as to constitute bad faith (*see, Pavia v State Farm Mut. Auto. Ins. Co*, 82 NY2d 445, 454). The award is vacated. Concur—Rosenberger, J. P., Wallach, Nardelli and Williams, JJ.

Kupferman, J., dissents in a memorandum as follows: I would modify the determination and reduce the award to $6,666.67.

Respondent was one of two passengers in a vehicle operated by a third person which collided with an uninsured automobile. The uninsured motorist benefits were $10,000 per person and $20,000 per occurrence. Respondent filed a notice of intention to make a claim. Several months later, the petitioner insurance company made payments of $10,000 each to the other passenger and to the driver, exhausting the uninsured motorist benefits policy limits, and continued to deal with the respondent without notifying her of the exhaustion of the policy. After a time, respondent served petitioner insurance company with a demand for arbitration and the insurance company moved to stay the arbitration because of the policy limits being

exhausted. The motion to stay was denied and, thereafter, in the arbitration award, petitioner was ordered to pay respondent $10,000.

Petitioner takes the position that, having exhausted the policy, there was no money due to the respondent. However, the petitioner was on notice of the respondent's claim when it settled with the other two parties and it had no right to ignore the claim of the respondent. However, with three claimants and a total sum of $20,000 available, the payment to the respondent should have been limited to $6,666.67.