■ In the Matter of KAMIE BRIJMOHAN, Respondent, v STATE FARM INSURANCE COMPANY, Appellant. [658 NYS2d 52] —In a proceeding pursuant to CPLR article 75 to confirm an uninsured motorist arbitration award, the appeal is from a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated June 26, 1996, which, upon the granting of the petitioner's application to confirm the award, is in favor of the petitioner and against it in the principal sum of $75,000.

Ordered that the judgment is modified, on the law, by deleting from the first decretal paragraph the words "the application to confirm the Award is granted, and the Award of the Arbitrators, dated July 20, 1995, is confirmed", and substituting therefor the words "the application to confirm the Award is granted to the extent that it does not exceed $10,000, and the Award of the Arbitrators, dated July 20, 1995, is confirmed to the extent that it does not exceed $10,000"; and deleting from the second decretal paragraph the words "Seventy Five Thousand ($75,000.00) Dollars", and substituting therefor the words "Ten Thousand ($10,000.00) Dollars"; as so modified, the judgment is affirmed, with costs to the petitioner.

The petitioner commenced the instant proceeding to confirm an arbitration award in the amount of $75,000 on her claim

for uninsured motorist benefits. The only issue raised on appeal is whether the arbitrators exceeded their authority by awarding this sum, when the underlying policy contained uninsured liability limits of $10,000 per person and $20,000 per accident. We conclude that they did, and, therefore, the judgment must be modified by granting the petitioner's application to confirm the award only to the extent that it does not exceed $10,000.

It is well settled that an arbitration award in excess of the amount available under an automobile liability policy is subject to vacatur as an award in excess of the arbitrator's powers (*see, Matter of Allstate Ins. Co. v Silver,* 225 AD2d 690; *Matter of State Farm Ins. Co. v Credle,* 228 AD2d 191; *Matter of Mele v General Acc. Ins. Co.,* 198 AD2d 731). In the instant case, the appellant, State Farm Insurance Company (hereinafter State Farm), produced evidence proving that the applicable policy limits were $10,000. Thus, the arbitrators exceeded their authority by awarding the petitioner $75,000, and the award must be reduced to $10,000.

Although it would have been preferable for State Farm to have submitted evidence of the applicable policy limits at the arbitration hearing, State Farm did not waive its objection that the arbitrators exceeded their power by waiting until it opposed the instant proceeding to confirm the award. A claimed limitation on the arbitrator's power "will not be waived if the party relying on it asserts it at Special Term in opposition to an application for confirmation" (*Matter of Silverman [Benmor Coats],* 61 NY2d 299, 309; *cf., Matter of Sagona v State Farm Ins. Co.,* 218 AD2d 660; *McCoy v New Jersey Mfrs. Ins. Co.,* 107 Misc 2d 1090). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.