■ In the Matter of CITY OF YONKERS, Appellant, v YONKERS FIRE FIGHTERS, LOCAL 628, IAFF, AFL-CIO, Respondent. [938 NYS2d 562]—

The City of Yonkers and the Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO (hereinafter the Union), entered into a collective bargaining agreement (hereinafter the CBA) dated July 1, 2002. The CBA was subsequently extended to be effective through June 30, 2009. The CBA provided, inter alia, that the City would be required to offer to its firefighters the option to enroll in one of two retirement plans (*see* Retirement and Social Security Law § 384-d), with the City to bear 100% of the contributions to the plan each firefighter enrolled in.

In 2009 the Legislature enacted article 22 of the Retirement and Social Security Law, effective on January 10, 2010 (*see* L 2009, ch 504). That article provides, inter alia, that all members of the Police and Fire Retirement System (hereinafter the PFRS) who join the PFRS on or after January 10, 2010, are required to contribute 3% of their salary towards the State retirement fund in which they are enrolled (*see* Retirement and Social Security Law § 1204). Article 22 of the Retirement and Social Security Law also provides: "Notwithstanding any provision of law to the contrary, nothing in this act shall limit the eligibility of any member of an employee organization to join a special retirement plan open to him or her pursuant to a collectively negotiated agreement with any state or local government employer, where such agreement is in effect on the effective date of this act and so long as such agreement remains in effect thereafter; provided, however, that any such eligibility shall not apply upon termination of such agreement for employees otherwise subject to the provisions of article twenty-two of the retirement and social security law" (L 2009, ch 504, part A, § 8).

The City hired several firefighters in late 2009, and those firefighters joined the PFRS after January 10, 2010, that is, after the effective date of article 22 and the expiration of the CBA. After the City refused to pay 100% of the retirement fund contributions for those employees, the Union filed a grievance, and subsequently sought arbitration of that grievance. The City filed a petition to permanently stay the arbitration of this dispute.

"As a general rule, 'public policy in this State favors arbitral resolution of public sector labor disputes' " (*Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit*, 8 NY3d 465, 470 [2007]; *Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364, 372 [1997]). However, a public employment grievance "may be submitted to arbitration only where the parties agree to arbitrate that kind of dispute, and where it is lawful for them to do so" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]). A "dispute is not arbitrable when the subject matter of the dispute violates a statute, decisional law or public policy" (*Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit*, 8 NY3d at 470), or where the arbitration "award itself [would violate] a well-defined constitutional, statutory or common law of this State" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 80 [2003] [internal quotation marks omitted]).

Here, as the City correctly asserts, the arbitration of this dispute is barred by statute. Civil Service Law § 201 (4) provides, among other things, that "benefits provided by or to be provided by a public retirement system, or payments to a fund or insurer to provide an income for retirees, or payment to retirees or their beneficiaries" shall not be negotiated in the public employment sector. Retirement and Social Security Law § 470 provides that "[c]hanges negotiated between any public employer and public employee . . . with respect to any benefit provided by or to be provided by a public retirement system, or payments to a fund or insurer to provide an income for retirees or payment to retirees or their beneficiaries, shall be prohibited."

At bar, the Union seeks, essentially, to enforce a term of an expired collective bargaining agreement regarding retirement benefits, with regard to the firefighters hired after the passage of article 22 of the Retirement and Social Security Law. Contrary to the contention of the Union, the CBA, which terminated by its own terms in June 2009, was no longer "in effect" at the time of the effective date of article 22 of the Retirement and

Social Security Law, which was January 10, 2010; therefore, the exception set forth in section 8 of that article is inapplicable (see L 2009, ch 504, part A, § 8). Under these circumstances, the subject arbitration is barred by statute (see Civil Service Law § 201 [4]; Retirement and Social Services Law § 470; see also Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d 513, 520-521 [2007]; Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.— Long Beach Unit, 8 NY3d at 472; Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd., 6 NY3d 563, 575-576 [2006]; cf. Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d at 278).

Lastly, the Union's demand for an award of costs and an attorney's fee is not properly before this Court, as the Union did not appeal or cross-appeal from the judgment (see Regensdorfer v Orange Regional Med. Ctr., 21 AD3d 359, 360 [2005]). Dillon, J.P., Eng, Austin and Miller, JJ., concur.