# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**371**
**CA 11-01941**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN
CITY OF OSWEGO, PETITIONER-APPELLANT,

AND                                    MEMORANDUM AND ORDER

OSWEGO CITY FIREFIGHTERS ASSOCIATION,
LOCAL 2707, RESPONDENT-RESPONDENT.

---

ROEMER WALLENS GOLD & MINEAUX LLP, ALBANY (EARL T. REDDING OF
COUNSEL), FOR PETITIONER-APPELLANT.

SATTER & ANDREWS, LLP, SYRACUSE (MIMI C. SATTER OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oswego County (Norman
W. Seiter, Jr., J.), entered May 5, 2011 in a proceeding pursuant to
CPLR article 75.  The order denied the petition and confirmed the
arbitration award.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner, City of Oswego (City), appeals from an
order that denied its application seeking to vacate an arbitration
award pursuant to CPLR 7511 (b) (1) (iii) and granted the application
of respondent, Oswego City Firefighters Association, Local 2707
(Union), improperly denominated as petitioner in the second ordering
paragraph in the order on appeal, to confirm the award pursuant to
CPLR 7510.  In its petition, the City contended that the arbitrator
exceeded his authority by rendering an award that was in direct
contravention of the Retirement and Social Security Law, the Civil
Service Law and the "strong public policies" underlying those laws.
We conclude that Supreme Court properly denied the petition and
confirmed the award.

The City and the Union were parties to an agreement concerning
the employment of firefighters in the City.  That agreement was to "be
effective as of January 1, 2007, and [to] remain[] in full force and
effect" through December 31, 2009.  As pertinent to this appeal,
section 26.1 of the agreement provided that the City would pay the
firefighters' costs in the New York State Police and Fireman's
Retirement System (PFRS).  In addition, the City agreed to make a Plan
384-d (*see* Retirement and Social Security Law § 384-d) available to
the firefighters.

In 2009, the Legislature enacted Retirement and Social Security Law article 22, which provides in relevant part that all members of the PFRS who joined the PFRS on or after the effective date of article 22 would be required to contribute 3% of their annual wages to the State retirement fund in which they were enrolled (§ 1204). The Legislature, however, created an exception setting forth that, "[n]otwithstanding any provision of law to the contrary, nothing in this act shall limit the eligibility of any member of an employee organization to join a special retirement plan open to him or her pursuant to a collectively negotiated agreement with any state or local government employer, where such agreement is in effect on the effective date of this act and so long as such agreement remains in effect thereafter; provided, however, that any such eligibility shall not apply upon termination of such agreement for employees otherwise subject to the provisions of article twenty-two of the retirement and social security law" (L 2009, ch 504, part A, § 8 [hereafter, Section 8]).

By letter dated January 12, 2010, which was shortly after article 22 took effect, the New York State Retirement System (Retirement System) requested that the City provide copies of any agreements covering PFRS employees that were "in effect" on January 9, 2010. The City responded by enclosing, inter alia, the subject agreement, and noting that it "expired on December 31, 2009" and was "currently being renegotiated." Ultimately, the Retirement System advised the City by letter dated March 2, 2010 that firefighters hired on or after the effective date of article 22 would have to contribute toward their retirements inasmuch as the last contract "expired on December 31, 2009."

In the meantime, the City had hired several firefighters and, when the City refused to contribute toward their respective retirements, the Union filed a grievance and sought arbitration of that grievance. The parties stipulated to the exhibits to be submitted to the arbitrator and left it to the arbitrator to frame the issue. In his "opinion and award," the arbitrator concluded, inter alia, that the firefighters who were hired by the City after the effective date of article 22 were eligible to elect to participate in the 384-d plan provided for in section 26.1 of the agreement and that the City would be required to pay for the employees' contributions as negotiated under the terms of that agreement.

As a preliminary matter, we reject the Union's contention that the City, by participating in the arbitration, waived its contention that the arbitrator exceeded his authority. It is well settled that a party who fails to apply for a stay of arbitration and who participates in the arbitration waives any contention that the claim is not arbitrable or that the arbitrator lacked the power to resolve the question submitted (see *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583; *Matter of County of Onondaga [Civil Serv. Empls. Assn.]*, 248 AD2d 1026; *Matter of RRN Assoc. [DAK Elec. Contr. Corp.]*, 224 AD2d 250). Participation in arbitration, however, does not constitute the waiver of a contention that the arbitrator, during the course of the proceeding or in fashioning the actual award,

exceeded his or her authority (*see Matter of Brijmohan v State Farm Ins. Co.*, 239 AD2d 496, 497, *affd* 92 NY2d 821; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 310).

Also as a preliminary matter, however, we agree with the Union that any documents that were not submitted to the arbitrator should not be considered in reviewing the propriety of the award (*see Matter of Campbell v New York City Tr. Auth.*, 32 AD3d 350, 352; *Matter of Hirsch Constr. Corp. [Cooper]*, 181 AD2d 52, 55, *lv denied* 81 NY2d 701), even though they were attached to the petition and thus were properly included in the record on appeal (*see* CPLR 5526; 22 NYCRR 1000.4 [a] [2]; *cf. Wells Fargo Bank Intl. v Saud*, 97 AD2d 945).

Turning now to the merits, we agree with the Union that the court properly confirmed the arbitration award. It is axiomatic that "courts are obligated to give deference to the decision of the arbitrator" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336), and that "[a]n award may be vacated on the ground that an arbitrator exceeded his or her power 'only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of Communication Workers of Am., Local 1170 v Town of Greece*, 85 AD3d 1668, 1669, *lv denied* 18 NY3d 802, quoting *New York City Tr. Auth.*, 6 NY3d at 336; *see Matter of Buffalo Teachers Fedn., Inc. v Board of Educ. of City School Dist. of City of Buffalo*, 50 AD3d 1503, 1505, *lv denied* 11 NY3d 708).

Contrary to the contention of the City, the award herein is not contrary to existing statutes, does not violate a strong public policy and is not irrational. The crucial issue on this appeal is whether the exception in Section 8 applies to the subject firefighters. That issue turns on whether the agreement between the City and the Union was still in effect at the time the subject firefighters joined the PFRS. Pursuant to what is known as the *Triborough* doctrine (*see Matter of Professional Staff Congress-City Univ. of N.Y. v New York State Pub. Empl. Relations Bd.*, 7 NY3d 458, 466), as embodied in Civil Service Law § 209-a (1) (e), it is an improper practice, but for an exception not relevant here, for a public employer "to refuse to continue *all* the terms of an expired agreement until a new agreement is negotiated" (§ 209-a [1] [e] [emphasis added]; *see Matter of Triborough Bridge & Tunnel Auth. [District Council 37 & Local 1396]*, 5 PERB ¶ 3037). Because a new agreement between the City and the Union had not yet been negotiated at the time the subject firefighters joined the PFRS, all of the terms of the expired agreement were still in effect (*see generally Association of Surrogates & Supreme Ct. Reporters Within City of N.Y. v State of New York*, 79 NY2d 39, 45). Through Section 8, the Legislature recognized the need to provide for employees who had been accorded certain retirement benefits under agreements that were still in effect. Thus, the determination to apply the Section 8 exception to the subject firefighters does not "violate a defined and discernible public policy . . . or . . . create[] an *explicit* conflict with other laws and their attendant

policy concerns" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 327).

Contrary to the further contention of the City, a determination to apply the Section 8 exception in this case does not constitute a "negotiation" of retirement benefits as prohibited by Civil Service Law § 201 (4) and Retirement and Social Security Law § 470 (*cf. Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO*, 90 AD3d 1043). The determination whether a certain group of employees falls within a legislatively-created exception to a statute is not a negotiation of retirement benefits. It is merely an interpretation of Section 8 as it applies to a previously-negotiated agreement.

While we recognize that this decision is inconsistent with the determination of the Retirement System as set forth in its letter to the City dated March 2, 2010, "where, as here, the question is one of pure statutory construction, dependent only on accurate apprehension of legislative intent, judicial review is less restricted and there is little basis to rely upon any special competence or expertise of the administrative agency" (*New York City Campaign Fin. Bd. v Ortiz*, 38 AD3d 75, 81; *see generally Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal*, 5 NY3d 303, 312).

Entered:  March 16, 2012                          Frances E. Cafarell
                                                  Clerk of the Court