■ In the Matter of MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, v AMERICAN COUNTRY INSURANCE COMPANY, Respondent. [4 NYS3d 487]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered February 14, 2014, which, upon granting reargument, vacated the amended order, same court and Justice, entered June 6, 2013, confirming an arbitration award in favor of petitioner and denying respondent's cross petition seeking to vacate the arbitration award, and granted the cross petition, unanimously affirmed, without costs.

Respondent made a prima facie showing that the offending vehicle in this no-fault arbitration was insured by Global Liberty Insurance of New York, by submitting a Department of Motor Vehicles expansion, indicating that Global had insured

the vehicle subsequent to respondent's coverage (*see Matter of Eagle Ins. Co. v Kapelevich*, 307 AD2d 927 [2d Dept 2003], *lv denied* 1 NY3d 503 [2003]; *Matter of State Farm Mut. Auto. Ins. Co. v Youngblood*, 270 AD2d 493 [2d Dept 2000]). By operation of Vehicle and Traffic Law § 313 (1) (a), the subsequent coverage terminated respondent's coverage of the same vehicle as of the effective date and hour of Global's coverage, irrespective of whether respondent had otherwise complied with the cancellation requirements of the Vehicle and Traffic Law (*see Employers Commercial Union Ins. Co. of N.Y. v Firemen's Fund Ins. Co.*, 45 NY2d 608, 611 [1978]). Thus, it was arbitrary and capricious for the arbitrator to find that respondent was the insurer of the vehicle at the time of the accident because it failed to demonstrate that it had properly cancelled its policy. The arbitration award was also in excess of the arbitrator's authority, where it awarded coverage when none existed (*cf. Countrywide Ins. Co. v Sawh*, 272 AD2d 245 [1st Dept 2000]; *Matter of State Farm Ins. Co. v Credle*, 228 AD2d 191 [1st Dept 1996]). Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Clark, JJ.